(No. 20611.—<span style="background:black"></span>

Eva Stanswsky, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(The Pana Coal Company, Defendant in Error.)

*Opinion filed June 18, 1931.*

Joseph A. Londrigan, for plaintiff in error.

W. C. Ropiequet, (Ropiequet & Freels, of counsel,) for defendant in error.

Mr. Justice Orr delivered the opinion of the court:

On October 12, 1929, Eva Stanswsky, widow of George Stanswsky, filed a petition with the Industrial Commission asking for the entry of an order that the unpaid balance due Stanswsky under an award entered July 23, 1929, be paid to her in accordance with the provisions of subsection 19 of paragraph (*e*) of section 8 of the Workmen's Compensation act, which became effective July 1, 1929. A hearing was had upon this petition under an agreed statement of facts. It was agreed that Stanswsky died on September 3, 1929, that the petitioner was the only surviving dependent and beneficiary, and that on July 23, 1929,

an arbitrator had entered an order, which became final because no petition for review had been filed, directing the Pana Coal Company, a corporation, to pay Stanswsky $11.94 per week for a period of four weeks for the time he received medical services, and in addition thereto the sum of $11.94 per week for a period of 120 weeks as compensation for the permanent loss of sight of his left eye. The decision further found that this disability was due to an injury which he sustained January 8, 1929, while in the employ of the Pana Coal Company. It was agreed that the sum of $399.42 has been paid, which was full payment of all compensation due up to and including August 31, 1929. Upon these facts the Industrial Commission entered its order upon the petition of Eva Stanswsky on February 27, 1930, denying the petition for the reason that the injury occurred before July 1, 1929. On September 9, 1930, the circuit court of Christian county confirmed the decision of the Industrial Commission, and by this writ of error the case is before us for review.

The facts in this case are not in dispute. Stanswsky, a coal miner, who had previously lost the sight of his right eye, was struck in the left eye by a piece of flying coal on January 8, 1929, resulting in his total blindness, for all practical and industrial purposes. His injury was sustained in the course of his employment by the Pana Coal Company. No award for this injury was made by the arbitrator until July 23, 1929. Prior to this award the legislature had amended sections 8 and 21 of the Workmen's Compensation act. (Smith's Stat. 1929, chap. 48, pars. 145, 158.) These amended sections became effective July 1, 1929, and the portions thereof relevant to this case are as follows:

Section 8, (par. 145,) paragraph (e), sub-section 19: "In a case of specific loss under the provisions of this paragraph and the amount of which loss has been determined under the provisions of this act, and the subsequent death

of such injured employee from other causes than such injury, leaving a widow and/or lineal dependents surviving before payment in full for such injury, then and in that event the balance remaining due for such injury shall be payable to such dependents, in the proportion which such dependency bears to total dependence."

Section 21 (par. 158): "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this act relative to compensation for death received in the course of employment, and subject to the provisions of paragraph (e) of section 8 of this act relative to specific loss."

The question presented is whether the above quoted provisions of section 8, which became effective July 1, 1929, are applicable where the accidental injury upon which compensation was awarded occurred prior to that date. In this case the injury occurred January 8, 1929, the award of the arbitrator was dated July 23, 1929, and the injured died September 3, 1929, from causes unconnected with the injury.

It is urged by plaintiff in error that since the award was not made until July 23, 1929, the provisions of section 8, as amended July 1, 1929, applied, and that by the subsequent death of the injured person his widow should receive the balance remaining due for such injury. It is thus claimed by plaintiff in error that no substantive rights had accrued or were in existence prior to July 1, 1929, the effective date of the amendment, and that no such rights became vested in either party until July 23, 1929, when the arbitrator made his decision in favor of an award.

The liability of the employer to pay compensation for a prior injury and the right of the injured person or his dependents to receive such compensation were not changed or affected by the amendments made to sections 8 and 21. The liability of the employer and the rights of the workman were fixed at a definite amount under the law existing

on January 8, 1929, the date of the injury. At that time the law provided that upon the death of the injured person from other causes than the injury the right to receive further compensation was thereby extinguished. An amendment thereafter made to the act will not operate to deprive either party of substantive rights accrued or in existence prior to its effective date. (*Havill* v. *Havill,* 332 Ill. 11; *City of Chicago* v. *Collin,* 302 id. 270.) To apply the provisions of sections 8 and 21, as amended, in this case would be to give them retroactive effect, as the liability of the employer prior to July 1, 1929, was to pay compensation for the injury only until the death of the employee. (Cahill's Stat. 1927, p. 1234.)

We have a statute in this State which provides: "No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offense committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued, or claim arising under the former law, or in any way whatever to affect any such offense or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued, or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. * * * This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." (Cahill's Stat. 1929, chap. 131, sec. 4, par. 4, p. 2506.) It seems clear that the claims of an injured workman for compensation and the liability of his employer to pay compensation are governed by the provisions of this statute, and that the rights of neither can be affected by legislation which takes effect after the date of the injury.

At the time of the accidental injury in this case the law defined the rights of the employee and circumscribed the

limits of the employer's responsibility. It is clear that such rights to compensation as existed on the date of the injury in January, 1929, could not be enlarged or diminished by an act of the legislature which became effective in July, 1929. It is true that the award was not made until July 23, 1929, but it was based upon the statute in force at the time of the injury. The law in effect at the time of the injury governs the rights of the parties and not the law effective at the time the award is made or at the date of death of the injured person. The conclusion reached by the Industrial Commission and confirmed by the circuit court was therefore correct.

The judgment is affirmed. *Judgment affirmed.*