(No. 32164.—

JOSEPH SROKA, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(HOLLAND COAL COMPANY, Plaintiff in Error.)

*Opinion filed March 20, 1952—Rehearing denied May 19, 1952.*

B. S. QUIGLEY, and VOGEL & BUNGE, both of Chicago, (DON A. BANTA, and RALPH MILLER, of counsel,) for plaintiff in error.

SYDNEY S. SCHILLER, of Chicago, for defendant in error.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This case presents for determination the amount to be awarded Joseph Sroka under the Workmen's Compensation Act for injuries he received as an employee of Holland Coal Company. An arbitrator of the Industrial Commission made an award under section 8(d) of the act (Ill. Rev. Stat. 1945, chap. 48, par. 145,) upon the ground that Sroka was partially incapacitated, permanently, from pursuing his usual and customary employment. The commission set aside this award, and awarded benefits for temporary total incapacity and, in addition, benefits under the proviso of section 8(d) which specifically relates to a fractured vertebra. The superior court of Cook County set aside the award of the commission and reinstated the arbitrator's award. We allowed a writ of error.

We consider first the propriety of the award based upon partial incapacity. The portion of section 8(d) relating to

such an award when Sroka was injured read as follows: "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, * * * receive compensation, * * * equal to fifty per centum of the difference between the average amount which he earned before the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." The object of this provision is to compensate the injured employee for his reduced earning capacity and, if an injury does not reduce his earning capacity, he is not entitled to compensation. *Franklin County Coal Corp.* v. *Industrial Com.* 398 Ill. 528; *Groveland Coal Mining Co.* v. *Industrial Com.* 309 Ill. 73.

The arbitrator reached the conclusion, adopted by the court, that Sroka's earning capacity was reduced, by comparing his gross average weekly earnings, including overtime, before and after the accident. So measured, his average weekly income was $101.35 before the accident and $60 thereafter. Sroka was paid on an hourly basis, with a forty-hour week and time and a half for overtime. He was classified as a laborer both before and after the accident. His hourly rate was $1.09 before the accident. When he returned to work it was $1.24 and thereafter it was increased, first to $1.39, and then to $1.49. His pay for a forty-hour week was $43.60 before the accident, and thereafter successively $49.60, $55.60 and $59.60.

Reduced earning capacity exists only if overtime is taken into account, as it was by the arbitrator and by the court. But section 10(g) of the act, which fixes the basis for computing the compensation provided for in section 8, requires that earnings "shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment, and shall exclude overtime earnings." Ill. Rev. Stat. 1945, chap. 48, par. 147.

The precise problem was before us in *Franklin County Coal Corp.* v. *Industrial Com.* 398 Ill. 528, although there it was the employer who contended that overtime should be included in determining whether earning capacity had been reduced. In that case, the employee's injury made it necessary for him to work at a lower hourly rate after the accident than before, but due to more overtime his aggregate earnings after the accident were larger than before. After discussing the statutory provisions set out above, we said, page 535: "From the foregoing we think it appears that the estimate of yearly earnings derived by considering increased wages, overtime, and by a greater number of hours worked, resulting in a larger yearly income, is not the test to be applied in ascertaining whether the employee is entitled to an allowance for partial incapacity." Obviously, the statute contemplates that overtime be excluded from the computation whether its inclusion would, in a particular case, benefit employer or employee. It follows that Sroka is not entitled to an award of compensation under section 8(d) upon the theory that there was a diminution of his earnings occasioned by partial incapacity following the accident.

The employer concedes that Sroka is entitled to an award for temporary total disability during his absence from his employment for the time, (30⁶⁄₇ weeks) and in the amount ($18 per week) found by the Industrial Commission.

Following the portion of section 8(d) previously quoted and construed, there is a proviso which at the time of the accident read: "Provided, however, if no compensation is awarded under the foregoing provisions of this paragraph, and when an injury has been sustained which results in a fracture to the body of a vertebra, resulting in a loss of function of the back, compensation may be allowed for a period not to exceed thirty (30) weeks in addition to compensation for temporary total disability,

such compensation to be in lieu of all other compensation specified hereinbefore by this paragraph."

The employer contends that Sroka was not entitled to any compensation under this proviso, asserting that the evidence fails to show any substantial "loss of function of the back," a prerequisite to any allowance. This contention requires a brief reference to the evidence. Sroka's work consisted largely of unloading coal cars and shoveling or screening coal. He was struck by a heavy coal bucket operated by a crane, fell eleven or twelve feet into a coal hopper, and suffered an injury to his back consisting of compression fractures of the first lumbar and the twelfth dorsal vertebrae and a narrowing of the posterior interspace between the twelfth dorsal and the first lumbar vertebrae. Medical, surgical and hospital services rendered by three doctors and two hospitals were provided for and arranged by the employer. Clinical examination disclosed a decrease of the dorsal and lumbar spinal curves, spasticity of the erecto spinae muscles of the back and a restriction of the forward flexion to a point where Sroka, who could touch the floor with his fingertips before the accident, can now only stretch to about four inches from the floor. According to the report, dated June 27, 1947, of Dr. S. I. Weiner, who examined Sroka on June 21, 1947, the patient should be considered a high-grade permanent partial disability. Two years later, he testified that, in June, 1947, he was of the opinion that Sroka was then unable to perform the work of a coalyard laborer. Whether the employee suffered a fracture of the body of a vertebra resulting in a loss of function of the back is essentially a question of fact. The statute does not require that there be complete, or even substantial, loss of function of the back; the requirement is simply that the fractured vertebra result in loss of function. The evidence is sufficient to support an award under the proviso of section 8(d).

The contention that the Industrial Commission erroneously awarded Sroka compensation for 60 weeks under the proviso of section 8(d) is, however, well taken. In 1949, this proviso was amended by substituting 60 weeks for 30 weeks, as the period for which compensation should be made. (Ill. Rev. Stat. 1949, chap. 48, par. 145(d).) But the rights of the parties under the Workmen's Compensation Act are governed by the law in effect at the time of the injury. (*Lewis* v. *Industrial Com.* 357 Ill. 309; *Stanswsky* v. *Industrial Com.* 344 Ill. 436.) Accordingly, Sroka was entitled to compensation for 30 instead of 60 weeks under the proviso of section 8(d) in effect at the time of the accident.

. The judgment of the superior court of Cook County is reversed and the decision of the Industrial Commission is modified by awarding Sroka compensation under the proviso of section 8(d) of the Workmen's Compensation Act for 30 instead of 60 weeks and, as modified, the decision is confirmed.

*Judgment reversed; award modified and confirmed.*