(No. 51327.–

JAMES D. GRIGSBY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Jewel Companies, Inc., Appellee).

*Opinion filed September 19, 1979.*

James C. Serkland, of Scheele, Serkland & Boyle, Ltd., of La Grange, for appellant.

Mark A. Braun, of Klohr, Braun, Lynch & Smith, Ltd., of Chicago, for appellee.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

James D. Grigsby filed a claim with the Industrial Commission on February 17, 1976, alleging that he had sustained an accidental injury arising out of and in the course of his employment by respondent, Jewel Tea Company, on July 22, 1974. After a hearing on September 6, 1976, the arbitrator awarded claimant compensation for temporary total disability and permanent partial loss of use of both legs. These awards were based on the maximum rates applicable under the workmen's compensation statute in effect at the time of the injury (Ill. Rev. Stat. 1973, ch. 48, par. 138.8). Both parties appealed to the Commission, which affirmed the arbitrator's decision on March 7, 1978. Thereafter, claimant moved to recall the Commission's decision for clerical error pursuant to section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(f)), alleging that the award had not been computed according to the rate in effect at the time of the Commission's decision (Ill. Rev. Stat. 1977, ch. 48, par. 138.8). The Commission denied the motion. The circuit court, on *certiorari,* confirmed the Commission's decision and its denial of claimant's motion. Claimant appealed here.

Effective July 1, 1975, the General Assembly amended section 8 of the Workmen's Compensation Act to provide increased benefits for injured workers. (Ill. Rev. Stat. 1975, ch. 48, par. 138.8.) The sole issue on appeal is whether the Commission correctly applied the rate of compensation in effect at the time of claimant's injury or whether it should have applied retroactively the rate in effect at the time of its decision. A long line of Illinois decisions has held that the law in effect at the time of the injury determines the rights of the parties.

In *Stanswsky v. Industrial Com.* (1931), 344 Ill. 436, claimant's widow attempted to collect the portion of his award unpaid at his death, pursuant to an amendment enacted after decedent's injury but before the Commission's decision awarding him compensation. The court reasoned:

> "The liability of the employer and the rights of the workman were fixed at a definite amount under the law existing on *** the date of the injury. At that time the law provided that upon the death of the injured persom from other causes than the injury the right to receive further compensation was thereby extinguished. An amendment thereafter made to the act will not operate to deprive either party of substantive rights accrued or in existence prior to its effective date." (344 Ill. 436, 438-39.)

The court concluded that it could not apply retroactively the amendment allowing a widow to collect the unpaid portion of the award. The court formulated the principle often cited in subsequent decisions:

> "The law in effect at the time of the injury governs the rights of the parties and not the law effective at the time the award is made or at the date of death of the injured person." (344 Ill. 436, 440.)

See *Playhouse Theater v. Industrial Com.* (1931), 346 Ill. 509, 510; *Lewis v. Industrial Com.* (1934), 357 Ill. 309, 314; *Illinois Zinc Co. v. Industrial Com.* (1937), 366 Ill. 480, 482; *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106.

In *Sroka v. Industrial Com.* (1952), 412 Ill. 126, the act in effect at the time of claimant's injury provided for 30 weeks of compensation for a fractured vertebra resulting in loss of function of the back. At the time of the Commission's decision, however, the Act had been amended to allow 60 weeks of compensation for this injury. This court reversed the Commission's award of 60 weeks of compensation, holding that the law in effect at the time of the injury governs the rights of the parties. 412 Ill. 126, 131.

These decisions notwithstanding, claimant argues that the 1975 amendment is procedural or remedial in character and that as a general rule courts apply such amendments retroactively, unlike amendments affecting substantive rights. (*Hogan v. Bleeker* (1963), 29 Ill. 2d 181, 184-85.) He argues that the 1975 amendment did not give injured employees a right to compensation, but merely adjusted the rate at which that compensation was to be computed.

We do not disagree with the general rule that procedural or remedial amendments apply retroactively to pending matters, and do not regard as contrary to that rule our recent decision relied upon by claimant which held that a 1975 amendment to the Workmen's Compensation Act extending the statute of limitations on claims did not apply retroactively to revive claims previously barred. (*Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161.) Actually, *Arnold Engineering* supports the result we reach here. There the amendment, if applied retroactively, would have revived a *barred* claim thus altering the substantive rights of the parties.

We do not agree that an amendment increasing the rate of compensation is merely procedural or remedial in character. In our judgment the amount of compensation fixed by the Act concerns the substantive rights and liabilities of the parties, not the methods by which those rights may be enforced. The right conferred by the statute on an injured employee is not some right to compensation in the abstract but the right to compensation in a determinate amount. As this court said in *Stanswsky,* "The liability of the employer and the rights of the workmen [are] fixed at a definite amount under the law existing on *** the date of the injury." (344 Ill. 436, 438-39.) In *Sroka,* the court assumed that an amendment increasing the period of compensation for a given injury affected substantive rights and liabilities. (See also *Beth-Elkhorn Corp. v. Thomas* (Ky. App. 1966), 404 S.W.2d 16, 18: "An increase in the maximum award allowable is a change in the substantive liability as opposed to a change in remedial procedure.") Those courts which have considered the question seem to follow the general rule that the rate of compensation is governed by the law in effect at the time of the injury. *Robidoux v. Uniroyal, Inc.* (1976), 116 R.I. 594, 595, 359 A.2d 45, 46 N.1; *Pender v. Southern Farm Bureau Casualty Insurance Co.* (La. App. 1973), 280 So. 2d 599, 602-03; *Corak v. Department of Labor* (1970), 2 Wash. App. 792, 799-800, 469 P.2d 957, 962.

Claimant also relies upon section 28 of the Workmen's Compensation Act, which provides:

> "This Act shall apply to all accidental injuries or death occurring on or after July 1, 1951." (Ill. Rev. Stat. 1977, ch. 48, par. 138.28.)

He argues that this provision requires us to hold that the 1975 amendments to section 8 apply retroactively. We do not agree. Section 28 has remained unchanged since the present Workmen's Compensation Act was first enacted in 1951, repealing the Workmen's Compensation Act of

1913. (See Ill. Ann. Stat., ch. 48, at 203 (Smith-Hurd 1969).) Under the construction urged by claimant, section 28 would automatically make all amendments subsequent to 1951, whether procedural or substantive, apply retroactively to that date. Assuming, but not deciding, that the legislature can constitutionally enact an amendment that retroactively alters the substantive rights and liabilities of the parties, such alteration should not result in the absence of an express and unmistakeable expression of that intention. (See *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 167.) We find no indication of such an intention here. It seems far more probable that the legislature recognized the established principle that the date of the injury determines the rights of the parties and drafted section 28 to indicate that the 1951 act would not apply to claims filed after July 1, 1951, but based on injuries occurring before that date.

Furthermore, some of the 1975 amendments to section 8 themselves indicate the legislature's intent that they not apply retroactively. Section 8(b)(4) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(b)(4)), which specifies maximum compensation rates for temporary total incapacity, provides for certain future rate increases to take effect on specified dates, at two-year intervals. If these dates referred not to the time of the injury but to the time of the arbitrator's or the Commission's decision, the administration of the Act would be reduced to chaos as claimants and their employers attempted to control the applicable rate of compensation by manipulating the schedule of hearings.

For these reasons the judgment of the circuit court is affirmed.

*Judgment affirmed.*