(Nos. 52931, 52967 cons.—

CATERPILLAR TRACTOR COMPANY, Appellant, v.
THE INDUSTRIAL COMMISSION *et al.* (Raymond G.
Ribbe, Appellee).

*Opinion filed September 29, 1980.*

2

Robert F. Fahey, of Peoria, for appellant.

Kenneth L. Ott and James R. Carter, of Peoria, for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

An arbitrator awarded compensation to claimant, Raymond G. Ribbe, for 30% permanent and complete loss of use of the right leg and 5% loss of use of the left leg. The loss, claimant asserts, resulted from an accidental back injury which arose out of and in the course of his employment with the respondent, Caterpillar Tractor Company. After receiving additional evidence, the Industrial Commission sustained the arbitrator's decision. The circuit court of McLean County confirmed the award and also affirmed the Commission's denial of respondent's motion to reopen proofs on review. Respondent now appeals, raising only the claim that the Commission's finding is against the manifest weight of the evidence, whereas claimant counters that the circuit court was without jurisdiction to entertain respondent's appeal.

The only testimony adduced at trial was that of the claimant. He stated that on October 15, 1975, while lifting 85- to 90-pound pieces of machinery and moving them from a conveyor to a heater three feet away, he felt a pain in his back. Later that day, as the pain increased, he went to the first-aid station, where, according to his testimony, he was given muscle relaxants and aspirins. Although the pain in his back persisted, claimant continued to work. He testified that he received treatment for his back at respondent's first-aid station from October 15, 1975, through February of 1976. On February 13, 1976, upon returning home after work, claimant took his dog out and experienced a back pain so severe that he was unable to straighten up. He was taken to the office of Dr. A. E. Livingston, where he was examined by Dr. Virgil D. Short, who recommended he not return to work. On February 19, 1976, claimant was treated by Dr. Livingston, who subsequently referred him to Dr. John L. Wright. Dr. Wright hospitalized claimant from March

31, 1976, through April 14, 1976, and did not release claimant for return to work. Claimant was, in fact, readmitted to the hospital on August 16, 1976, a myleogram was administered, and he was again discharged on August 19, 1976. In December of 1976, he was readmitted to the hospital for a partial hemilaminectomy. Claimant was released for return to work on April 2, 1977, and has worked continuously from that date.

The respondent's first-aid "Log of Injuries and Illnesses" was admitted into evidence by claimant. It showed that claimant had reported to the first-aid station on October 25, 1975, 10 days after the alleged back injury. The log also showed that claimant was treated on December 22, 1975, when he "refused muscle relax shot" but was given medication. The log records first-aid visits by claimant on January 8, 1976, January 16, 1976, and February 5, 1976. A notation dated February 6, 1976, indicated that claimant sought treatment for chronic back pain which, he claimed, started "about Thanksgiving time, *** eased off at Xmas vacation time but now bothers [him] again."

Several doctors' reports and physicians' records were admitted into evidence by claimant. A hospital admission record signed by claimant's physician, Dr. J. L. Wright, dated March 31, 1976, stated, under "case history," that the patient had been well until mid-February, when he experienced severe pain while playing with his dog. However, the "past history" portion contained the phrase, "No trouble with the back at all until on this new job, which he has been at Caterpillar recently."

Although a letter from the claimant's physician, Dr. Livingston, dated October 25, 1976, stated that he had "No record of any injury as such," the letter also states that claimant was first examined on February 16, 1976. "At that time he stated that he had some back pain off and on for three or four months." This would coincide

with the period during which claimant experienced his alleged back injury. The record of hospital consultant, Dr. H. McMenamin, dated April 1, 1976, related:

"[T]his twenty-seven year old man complains of sharp pain in the low back and down the right leg since 2/13/76. *** He states that his low back has hurt for 6-8 months."

At respondent's request, claimant was examined by Dr. Floyd S. Barringer on September 9, 1976. His report states that claimant had no trouble with his back until about November 1975, when his job at Caterpillar changed slightly. He then began to experience back pain intermittently. On November 14, 1977, claimant was examined by Dr. Bok Y. Choi at the request of respondent. Dr. Choi's report relates that "According to the patient, he was well until 1975, when he felt a tingling in his lower back, while he was picking up pieces weighing one hundred pounds from a conveyor."

The claimant contends that, because respondent failed to insure that a proper and complete record was on file with the circuit court, it failed to perfect the jurisdiction of the court to entertain review.

The record shows that the respondent filed his appeal within the prescribed time. Because of a clerical error made in numbering the transcripts, the appropriate record was not before the circuit court within 60 days from the filing of the writs of *certiorari,* as required by section 19 of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19). A Commission letter dated October 31, 1979, acknowledged this error, which was corrected by the Commission before judicial review. The established rule is that a party who seeks review and in good faith complies with the direction of the law will not be prejudiced by clerical errors or omissions which are later corrected. (*Lumbermen's Mutual Casualty Co. v. Industrial Com.* (1922), 303 Ill. 364, 369.) The court has the inherent power to allow the removal of the record so that clerical

6

errors may be corrected in order to assure that the record before it on review speaks the truth. (*Heckard v. Industrial Com.* (1933), 353 Ill. 197, 200.) We therefore find that the clerical error did not affect the jurisdiction of the circuit court to entertain review.

The respondent claims that the decision of the Industrial Commission is against the manifest weight of the evidence since the doctor and hospital records point to an injury occurring on February 13, 1976, while defendant was out playing with his dog.

Resolution of conflicting evidence, such as that here present, is within the realm of the Commission. It is also within the province of the Commission to weigh the evidence and draw reasonable inferences from the evidence. Only when the decision of the Commission is against the manifest weight of the evidence will this court interfere. (*A.O. Smith Corp. v. Industrial Com.* (1977), 69 Ill. 2d 240, 246; *County of Cook v. Industrial Com.* (1977), 68 Ill. 2d 24, 30.) We have examined the record before us and have found that the decision of the Commission is not contrary to the manifest weight of the evidence.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*