(No. 52915.—

JEROME VESTAL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Garofalo's Finer Foods, Inc., Appellee).

*Opinion filed March 31, 1981.*

SIMON, J., took no part.

Cohn, Lambert & Ryan, Ltd., and Edward R. Youhas, of Chicago (Pamela Karoff Kesler, of counsel), for appellant.

Terrance J. Van Driska and Mark A. Potter, of Chicago, for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

Jerome Vestal, who was employed by Garofalo's Finer Foods, said he experienced a pain in the groin area on December 17, 1976, while he was carrying a box of meat, and in June 1977 he filed a claim for benefits under the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.1 *et seq.*). On September 23, 1977, an arbitrator awarded him 33 3/7 weeks of temporary total disa-

bility benefits, and in addition made an award of 2% permanent disability under the "man as a whole" provision of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(d)(2)). The Industrial Commission, on review, affirmed as to the temporary total disability award but held that the claimant failed to prove any permanent disability. The Commission also denied Vestal's claim for vocational rehabilitation benefits under section 8(a) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.8(a)). The circuit court of Cook County confirmed the denial of vocational rehabilitation benefits, confirmed the Commission's finding for temporary disability benefits, but reinstated the arbitrator's award for permanent disability. The claimant appealed to this court under Rule 302(a) (73 Ill. 2d R. 302(a)), asking that the judgment of the circuit court be affirmed in part and reversed in part and that the cause be remanded with directions. The claimant asks this court to direct the Commission to enter an award of vocational rehabilitation benefits, including maintenance costs and expenses. We affirm that part of the circuit court judgment which confirmed the Commission's finding that the claimant was not entitled to vocational rehabilitation benefits, affirm its award of temporary total disability benefits, and reverse the circuit court's setting aside of the Commission's vacation of the arbitrator's award for permanent disability.

The claimant was employed by the respondent as a meat cutter for approximately nine months prior to December 17, 1976, when he said he felt a pain in the groin area while carrying an 80-pound box of ham. On December 20, Vestal was examined by Dr. Dimitrios Sereleas, who examined him and apparently found no injury. The claimant has not worked since his accident. Shortly thereafter he visited Dr. Jose Songco, his personal physician, who prescribed exercises and sitz baths. The claimant testified that at first he visited Dr. Songco once a week and then twice a week for three or four months, and

that the doctor prescribed weight lifting to build up his strength. He testified he was now able to lift 45 pounds. He received no medical treatments at the office of any of the doctors he consulted and was never hospitalized. Dr. A. J. Sweeney examined the claimant on behalf of the respondent on April 28, 1977, and found no objective evidence cf an inguinal problem. He stated Vestal did not have a hernia. Dr. H. C. Coblens also examined the claimant on behalf of respondent and found no evidence of a rupture and said there was no reason why Vestal could not work. Dr. G. Rabin twice conducted examinations on behalf of the claimant, and his diagnosis was that Vestal had suffered an inguinal hernia. The examinations were on April 19 and July 28, 1977. Dr. Sereleas, in a report dated April 4, 1977, found no hernia. The claimant did not return to work at Garofalo's Finer Foods, testifying that he was told that there was no job for him as a meat cutter because of his weight-lifting restrictions. The claimant is a man of slight physique. Dr. Songco, the claimant's personal physician, in a report dated May 19, 1977, stated in part: "I am in favor of Mr. Vestal returning to regular work. Because of the man's weight of 112 pounds, I believe he should lift no more than 60 pounds at this time. Gradually, this amount may be increased, but we must remember that his own body size will have to have some bearing on the total weight he will be able to lift in the future." Prior to working at Garofalo's, the claimant was employed at the National Tea Company as a relief meat cutter for two or three months. He was employed earlier by the Kroger Co. as a meat cutter. He said that hind quarters of beef may weigh from 80 to 265 pounds. At the respondent's store the claimant performed a wide range of duties. In his testimony he stated that as a meat cutter he was engaged in receiving meat, pricing it, cutting it, and waiting on customers, and that he also handled and sold poultry, lunch meat, ham, and fish.

At the arbitrator's hearing on September 20, 1977, Vestal stated that the only job he had applied for since his accident was a job with the Federal government. He said that the job required college training, which he did not have. He is a high school graduate. On review before the Industrial Commission on June 27, 1978, he testified that he had sought employment from about 51 prospective employers. He testified that the Illinois Department of Vocational Rehabilitation has been helpful to him, and that through the Department he had entered Purdue-Calumet University, where he is seeking to get an associate degree in safety engineering. He is attending school 30 hours a week and is in a two-year program. He testified he had been a meat cutter for the past 25 years prior to his injury in December 1976. The claimant testified that the Department of Vocational Rehabilitation had provided him also with about $50 a week for carfare, gas, and maintenance. Tuition is paid directly to the university by the Department, which also pays for his books. The claimant testified he also receives $435 per month in Social Security disability funds.

He told the Commission that he feels pain when he lifts heavy things such as a garage door.

It is, of course, fundamental that a claimant has the burden of proving the elements of his claim and that it is the function of the Industrial Commission to determine factual questions, to judge the credibility of witnesses, and to resolve conflicts in medical evidence. Findings of the Commission will not be set aside unless they are against the manifest weight of the evidence. *O'Dette v. Industrial Com.* 79 Ill. 2d 249, 253.

It is clear that there was conflicting medical evidence concerning the claimant's condition. Resolving the dispute in that evidence was for the Commission. Its finding that the claimant had not suffered permanent disability was not contrary to the manifest weight of the evidence, and we

consider that the circuit court erred in setting the finding aside. The findings of the Commission that claimant was entitled to an award for total temporary disability but that he was not entitled to an award for vocational rehabilitation benefits were not contrary to the manifest weight of the evidence.

For the reasons given, the judgment of the circuit court is affirmed, save for the part that set aside the Commission's finding that the claimant did not prove permanent disability. That part of the judgment is reversed. The award of the Industrial Commission is reinstated.

*Affirmed in part and reversed in part; award reinstated.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.