(No. 54692.—

MILDRED KOZMEL, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Sears Bank and Trust Company, Appellee).

*Opinion filed January 21, 1982.*

Roderick F. Mollison, of Chicago, for appellant.

Discipio, Martay & Caruso (William H. Martay, of counsel), of Chicago, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Mildred Kozmel, appeals from the judgment of the circuit court of Cook County confirming an award of the Industrial Commission. (73 Ill. 2d R. 302(a).) She was injured on September 8, 1971, while in the employ of respondent, Sears Bank and Trust Company. On August 30, 1974, a hearing was held before an arbitrator for the Industrial Commission who died prior to entering an award. Following considerable delay, not explained in the record, the case was heard before another arbitrator. The arbitrator, on July 13, 1979, awarded petitioner compensation based on the rate in effect on the date of the injury. Petitioner sought review, and the Industrial Commission affirmed the award and adopted it as the decision of the Industrial Commission. On *certiorari* the circuit court confirmed the decision of the Industrial Commission.

Petitioner contends that it was the duty of the Industrial Commission to process her claim expeditiously, and that it was the duty of respondent to insure that her claim was resolved promptly. Petitioner argues that because both the Industrial Commission and respondent have failed in the performance of their duties, the rate of compensation applicable to the award should be that which was in effect at the time the award was made and not the rate in effect on the date of the injury.

In *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, the court considered the contention that the Industrial Commission had erred in failing to apply the compensation rate

which was in effect at the time of making an award based on an injury suffered prior to the enactment of the statute increasing the rates. The court reviewed its prior decisions and concluded that the amendment to the Workmen's Compensation Act which changed the rate of compensation concerned substantive rights and liabilities of the parties, and that the rate of compensation was governed by the law in effect at the time of the injury. We find no basis for holding that delay caused by the Industrial Commission should alter or modify that rule.

If respondent was responsible for undue delay in the processing of the claim or improperly refused to pay compensation, the Worker's Compensation Act contains several provisions under which the Industrial Commission can impose penalties for such conduct (see Ill. Rev. Stat. 1979, ch. 48, pars. 138.16, 139.19(g), 138.19(k) and 138.19(*l*)), and petitioner's remedy was to invoke one of these provisions. Retroactive application of newly enacted amendments increasing the rate of compensation is not the appropriate remedy.

For the reasons stated, the judgment of the circuit court is affirmed.

*Judgment affirmed.*