# Illinois Official Reports

## Appellate Court

---

### *DiBenedetto v. Illinois Workers' Compensation Comm'n*,
### 2015 IL App (1st) 133233WC

---

| | |
|---|---|
| Appellate Court Caption | JERRY DIBENEDETTO, Appellant, v. THE ILLINOIS WORKERS' COMPENSATION COMMISSION *et al.* (City of Chicago, Appellee). |
| District & No. | First District, Workers' Compensation Commission Division Docket No. 1-13-3233WC |
| Filed | June 26, 2015 |
| Rehearing denied | July 23, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-50459; the Hon. Eileen O'Neill Burke, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Kevin T. Veugeler and Dennis M. Lynch, both of Healy Law Firm, of Chicago, for appellant. |
| | Gerald F. Cooper, Jr., and Allyson E. Feary, both of Scopelitis, Garvin, Light, Hanson & Feary, P.C., of Chicago, for appellee. |
| Panel | JUSTICE HARRIS delivered the judgment of the court, with opinion. Presiding Justice Holdridge and Justices Hoffman, Hudson, and Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1  On March 14, 2007, claimant, Jerry DiBenedetto, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 to 30 (West 2006)), alleging work-related injuries that arose out of and in the course of his employment on December 12, 2006, and seeking benefits from the employer, the City of Chicago. Following a hearing, the arbitrator determined claimant sustained compensable injuries under the Act and awarded him (1) temporary total disability (TTD) benefits of $1,073.33 per week for $106^4/_7$ weeks; (2) maintenance benefits of $1,073.33 per week for $129^1/_7$ weeks; and (3) wage-differential benefits of $982.67 per week from September 9, 2011, through the duration of his disability.

¶ 2  On review, the Illinois Workers' Compensation Commission (Commission) modified the arbitrator's wage-differential award, reducing it from $982.67 to $840.65 per week–the maximum weekly benefit allowable under section 8(b)(4) of the Act (820 ILCS 305/8(b)(4) (West 2006)) based on claimant's December 2006 accident date. The Commission otherwise affirmed and adopted the arbitrator's decision. On judicial review, the circuit court of Cook County confirmed the Commission. Claimant appeals, arguing the Commission erred by finding the date of claimant's accidental injury (December 12, 2006), rather than the date of the arbitration hearing (May 25, 2012), controlled the maximum rate applicable to claimant's wage-differential award. We affirm.

¶ 3                                        I. BACKGROUND

¶ 4  On appeal, the underlying facts are not in dispute and it is unnecessary to recite them in detail. Briefly stated, the record shows claimant filed his application for adjustment of claim in March 2007, alleging he injured his right arm, back, and neck at work on December 12, 2006. On May 25, 2012, an arbitration hearing was conducted on the matter. Evidence presented showed claimant worked for the employer as a hoisting engineer. While at work on December 12, 2006, he fell to the ground from a height of several feet and sustained injuries, including injuries to his right shoulder and cervical spine. Claimant received medical treatment and underwent surgery on his right shoulder in February 2007 and spinal fusion surgeries in December 2007 and June 2008.

¶ 5  In March 2009, a functional capacity evaluation was performed on claimant and showed he functioned at a light to medium level of work. Claimant's treating physician, Dr. Edward Goldberg, recommended permanent restrictions for claimant, including that he not return to work for the employer in his former position as a hoisting engineer. Claimant then began vocational rehabilitation and a labor market survey showed he could be expected to earn between $8 to $10 per hour given his education, physical capabilities, and transferable skills. On September 9, 2011, claimant began working in an office position for Manak Insurance, earning $8.25 an hour. Evidence at arbitration showed claimant's injuries caused a decrease in his earning capacity and his job with Manak Insurance maximized his earning capacity. Evidence further showed that, at the time of arbitration, the rate of pay for a hoisting engineer with the employer was $45.10 an hour.

¶ 6  (We note the evidence and testimony at arbitration showed the current hourly rate of pay for claimant's position with the employer was $45.30. Both parties also rely on that figure in their briefs. However, in her decision, the arbitrator inexplicably found the current rate of pay

for claimant's hoisting engineer position to be $45.10 an hour and used that latter rate in her wage-differential calculations. The record fails to reflect either party challenged that particular finding by the arbitrator. Thus, we abide by the $45.10 figure.)

¶ 7 On September 6, 2012, the arbitrator issued her decision, finding claimant sustained accidental injuries arising out of and in the course of his work for the employer on December 12, 2006, and awarding benefits as stated. Relevant to this appeal, the arbitrator found claimant's injuries "caused a loss of earnings rendering him *** permanently partially incapacitated from pursuing his usual and customary employment" and, as a result, he was entitled to wage-differential benefits pursuant to section 8(d)(1) of the Act (820 ILCS 305/8(d)(1) (West 2006)). Specifically, the arbitrator awarded claimant $982.67 per week, beginning September 9, 2011, and for the duration of his disability.

¶ 8 The employer sought review with the Commission, seeking modification of the arbitrator's wage-differential award. It argued that, based on the date of claimant's accidental injury (December 12, 2006), the maximum rate of wage-differential benefits he was entitled to receive was $840.65 per week. On April 18, 2013, the Commission entered its decision in the matter. It noted that, pursuant to section 8(b)(4) of the Act (820 ILCS 305/8(b)(4) (West 2006)), the maximum weekly wage-differential benefit "shall be 100% of the State's average weekly wage [(State AWW)] in covered industries under the Unemployment Insurance Act [(820 ILCS 405/100 *et seq.* (West 2006))]." The Commission found the State AWW at the time of claimant's accidental injury (December 12, 2006) was $840.65, and reduced his weekly wage-differential benefit to that amount. The Commission otherwise affirmed and adopted the arbitrator's decision. On October 8, 2013, the circuit court of Cook County confirmed the Commission's decision.

¶ 9 This appeal followed.

## II. ANALYSIS

¶ 11 On appeal, claimant argues the Commission erred in its award of wage-differential benefits. Specifically, he contends the maximum rate applied to his award should have been based on the State AWW at the time of his May 2012 arbitration hearing ($966.72) rather than the State AWW at the time of his December 2006 accidental injury ($840.65).

¶ 12 The issue on appeal involves a matter of statutory interpretation, which presents a question of law and is subject to *de novo* review. *Gruszeczka v. Illinois Workers' Compensation Comm'n*, 2013 IL 114212, ¶ 12, 992 N.E.2d 1234. "The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature" and the statutory language "is normally the best indicator of what the legislature intended." *Gruszeczka*, 2013 IL 114212, ¶ 12, 992 N.E.2d 1234. "[W]here the statutory language is clear, it will be given effect without resort to other aids for construction." *Gruszeczka*, 2013 IL 114212, ¶ 12, 992 N.E.2d 1234. However, where the meaning of an Act is unclear from the statutory language, "the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy [citation], as well as other sources such as legislative history [citation]." *Gruszeczka*, 2013 IL 114212, ¶ 12, 992 N.E.2d 1234. "We interpret the Act liberally to effectuate its main purpose: providing financial protection for injured workers." *Cassens Transport Co. v. Illinois Industrial Comm'n*, 218 Ill. 2d 519, 524, 844 N.E.2d 414, 419 (2006).

¶ 13    Section 8(d)(1) of the Act (820 ILCS 305/8(d)(1) (West 2006)) provides for an award of wage-differential benefits to an injured employee. At the time of claimant's accidental injury, that section provided as follows:

> "If, after the accidental injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall *** receive compensation for the duration of his disability, subject to the limitations as to maximum amounts fixed in paragraph (b) of this Section, equal to 66-$^2/_3$% of the difference between the average amount which he would be able to earn in the full performance of his duties in the occupation in which he was engaged at the time of the accident and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." 820 ILCS 305/8(d)(1) (West 2006).

¶ 14    By its own terms, section 8(d)(1) is subject to "limitations as to maximum amounts fixed in paragraph" 8(b) of the Act (820 ILCS 305/8(b) (West 2006)). 820 ILCS 305/8(d)(1) (West 2006). In particular, maximum rates set forth in section 8(b)(4) of the Act (820 ILCS 305/8(b)(4) (West 2006)) have long been held applicable to wage-differential awards. See *General Electric Co. v. Industrial Comm'n*, 144 Ill. App. 3d 1003, 1017, 495 N.E.2d 68, 77 (1986); *Bohannon v. Industrial Comm'n*, 237 Ill. App. 3d 989, 993, 606 N.E.2d 527, 529 (1992); *Fernandes v. Industrial Comm'n*, 246 Ill. App. 3d 261, 269, 615 N.E.2d 1191, 1197 (1993). Effective July 20, 2005, the legislature amended section 8(b)(4), adding express language concerning wage-differential awards and providing as follows: "For injuries occurring on or after February 1, 2006, the maximum weekly benefit under paragraph (d)1 *** shall be 100% of the [State AWW] in covered industries under the Unemployment Insurance Act." 820 ILCS 305/8(b)(4) (West 2006); Pub. Act 94-277 (eff. July 20, 2005) (amending 820 ILCS 305/8(b)(4) (West 2004)).

¶ 15    To support his position on appeal, claimant argues that the Act has consistently been interpreted to require that a wage-differential award be calculated based upon both the claimant's actual earnings *at the time of the hearing* and what the claimant would have been earning *at the time of the hearing* had he not been injured. He maintains that, given this consistent interpretation, the legislature must have intended the State AWW at the time of the arbitration hearing to be used to determine the maximum rate of wage-differential benefits. Claimant relies on the principle of statutory construction that "where the legislature chooses not to amend terms of a statute after judicial construction, it will be presumed that it has acquiesced in the court's statement of legislative intent." *R.D. Masonry, Inc. v. Industrial Comm'n*, 215 Ill. 2d 397, 404, 830 N.E.2d 584, 589 (2005); see also *In re Marriage of Mathis*, 2012 IL 113496, ¶ 25, 986 N.E.2d 1139 ("We assume not only that the General Assembly acts with full knowledge of previous judicial decisions, but also that its silence on this issue in the face of decisions consistent with those previous decisions indicates its acquiescence to them.").

¶ 16    First, we do not dispute that wage-differential calculations are based on circumstances as they exist at the time of arbitration. In particular, this court has held that a wage-differential benefit must be "based on the amount the employee would have been able to earn at the time of the arbitration hearing, not the amount he or she was actually earning at the time of the injury" (*Morton's of Chicago v. Industrial Comm'n*, 366 Ill. App. 3d 1056, 1061, 853 N.E.2d 40, 45 (2006)) and that a claimant must "establish[ ] his current earning capacity" (*Copperweld*

*Tubing Products Co. v. Illinois Workers' Compensation Comm'n*, 402 Ill. App. 3d 630, 634, 931 N.E.2d 762, 766 (2010)). See also *United Airlines, Inc. v. Illinois Workers' Compensation Comm'n*, 2013 IL App (1st) 121136WC, ¶ 22, 991 N.E.2d 458 (holding a wage-differential award must "be determined as of the date of the arbitration hearing" as the Act "does not contemplate multiple figures to be computed and awarded at future dates"). However, we find that the calculation of a wage-differential award in the first instance presents a different situation than application of the appropriate maximum rate under the Act.

¶ 17     Here, claimant has failed to cite any authority which provides that the maximum rate applicable to a claimant's wage-differential award is determined as of the date of the arbitration hearing. In fact, the cases he relies upon do not address maximum rates of compensation as set forth in section 8(b)(4). Further, our review of the relevant case law reflects precisely the opposite position and shows that "[t]he date of injury *** controls the maximum rate applicable." *Bohannon*, 237 Ill. App. 3d at 994, 606 N.E.2d at 530 (finding the date of the claimant's work injury controlled the maximum rate applicable to the claimant's wage-differential award); see also *First Assist, Inc. v. Industrial Comm'n*, 371 Ill. App. 3d 488, 497, 867 N.E.2d 1063, 1071 (2007) (finding the maximum weekly rate allowable for a wage-differential award was the maximum rate in effect on the date of the claimant's accidental injury). The date of a claimant's accidental injury, rather than the date of hearing, has similarly been used to determine the maximum rate applicable for other benefit awards under the Act. See *Peabody Coal Co. v. Industrial Comm'n*, 259 Ill. App. 3d 356, 361, 631 N.E.2d 422, 426 (1994) (using the date of the claimant's accidental injury to establish the maximum rate for an award of permanent partial disability (PPD) benefits); *Organic Waste Systems v. Industrial Comm'n*, 241 Ill. App. 3d 257, 261, 608 N.E.2d 1243, 1246 (1993) (finding the claimant's accident date determined the maximum rate for PPD benefits under section 8(b)(4)); *George W. Kennedy Construction Co. v. Industrial Comm'n*, 152 Ill. App. 3d 114, 121, 503 N.E.2d 1169, 1174 (1987) (using the date of an employee's accidental death to determine the maximum benefit rate under section 8(b)(4)).

¶ 18     Further, although not directly on point, we find the supreme court's decision in *Grigsby v. Industrial Comm'n*, 76 Ill. 2d 528, 530, 394 N.E.2d 1173, 1174 (1979), is instructive. There, the claimant was awarded benefits "based on the maximum rates applicable under the workmen's compensation statute in effect at the time of the injury." *Grigsby*, 76 Ill. 2d at 530, 394 N.E.2d at 1174. The claimant sought review, and the sole issue before the supreme court was "whether the Commission correctly applied the rate of compensation in effect at the time of [the] claimant's injury or whether it should have applied retroactively the rate in effect at the time of its decision." *Grigsby*, 76 Ill. 2d at 531, 394 N.E.2d at 1174. In affirming the Commission, the court noted that "[a] long line of Illinois decisions has held that the law in effect at the time of the injury determines the rights of the parties." *Grigsby*, 76 Ill. 2d at 531, 394 N.E.2d at 1174. The court also expressly referenced section 8(b)(4), indicating its provisions referred to "the time of the injury" rather than the date of either the arbitrator's or Commission's decision. *Grigsby*, 76 Ill. 2d at 534, 394 N.E.2d at 1176.

¶ 19     After reviewing the relevant case authority, we find the principle of statutory construction relied upon by claimant actually works against him. Case law reflects a clear judicial determination that the limits on compensation set forth in section 8(b)(4) of the Act, including maximum rates applicable to wage-differential awards, apply with reference to the date of injury and not some later point in time. As stated, we must assume that the legislature has acted

with full knowledge of this judicially determined position and, given its failure to amend section 8(b)(4) to provide otherwise, has acquiesced to it.

¶ 20 Additionally, as the employer points out, the portion of section 8(b)(4) at issue on appeal states it applies "*[f]or injuries* occurring on or after February 1, 2006." (Emphasis added.) 820 ILCS 305/8(b)(4) (West 2006). Although claimant dismisses this language as "only denot[ing] when the 2005 amendments to the Act would begin to apply," we find it is further evidence that that the legislature intended for the date of a claimant's injury to control the maximum rates set forth in that section.

¶ 21 Finally, on appeal, claimant argues that limiting an employee's wage-differential award based on the State AWW in effect at the time of injury rather than the time of hearing is inconsistent with the intent of the Act, which is to thoroughly compensate and financially protect injured workers. See *Cassens*, 218 Ill. 2d at 530, 844 N.E.2d at 422 (noting "the Act's overriding purpose" as being "early and thorough compensation for income lost due to job-related injuries"); *Interstate Scaffolding, Inc. v. Illinois Workers' Compensation Comm'n*, 236 Ill. 2d 132, 146, 923 N.E.2d 266, 274 (2010) (stating "[t]he fundamental purpose of the Act is to provide injured workers with financial protection until they can return to the work force"). In particular, claimant points out that the State AWW at the time of his hearing would place him "closer to the financial condition that he would have been in had the injury never occurred."

¶ 22 Here, we cannot dispute claimant's contention that application of the State AWW in effect at the time of his arbitration hearing would result in compensation closer to *his* actual wage differential. However, the purpose of section 8(b)(4) of the Act is to limit recoveries. *Modern Drop Forge Corp. v. Industrial Comm'n*, 284 Ill. App. 3d 259, 265, 671 N.E.2d 753, 757 (1996). Under either party's interpretation of section 8(b)(4), the maximum rate set forth therein will affect wage-differential awards to varying degrees. Depending upon the facts presented in each particular case, even claimant's interpretation could result in no change to a wage-differential award, a significant decrease to the award, or something in between. Given these circumstances, we find claimant's argument unpersuasive and reversal of the Commission's decision unwarranted.

¶ 23                                                    III. CONCLUSION
¶ 24 For the reasons stated, we affirm the circuit court's judgment.

¶ 25 Affirmed.