RIGGS *v.* LEHIGH PORTLAND CEMENT COMPANY.

[No. 10,901.   Filed May 31, 1921.   Rehearing denied October 4, 1921.]

1. CONSTITUTIONAL LAW.—*Statutes.*—*Construction.*—*Avoidance of Conflict with Constitution.*—In the application of a statute, it is essential that any conflict with constitutional limitations be avoided.   p. 310.

2. STATUTES.—*Construction.*—*Should be Given Prospective Effect.*—A statute should be given a prospective, rather than a retroactive, effect in its application.   p. 310.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*— *Amendment.*—*Effect on Existing Awards.*—Where, at the time of an award of compensation to the widow of a deceased workman for the benefit of herself and her child, §38 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) provided that the marriage of the widow should terminate the dependency of the child, it was proper to terminate the payment of compensation upon such marriage, notwithstanding the subsequent amendment of such section by Acts 1919 p. 165, providing that the marriage of the widow

should terminate her dependency, but not that of the child since the amendatory act could have no application to an award made prior to its enactment. p. 311.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.— Award for Benefit of Widow and Child.—Apportionment.*—The theory of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) prior to its amendment by Acts 1919 p. 158, required that the compensation should be paid to the mother and that the dependent child should receive its support through her, and it was not necessary that the fund should be apportioned between the two dependents, or that a guardian or trustee should have been appointed for the child, or that the child should have been made a party to the original proceeding. p. 312.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by Lelia Irene Riggs against the Lehigh Portland Cement Company. From an order denying compensation, the applicant appeals. *Affirmed.*

*Shirts and Talbott,* for appellant.

*Pickens, Moores, Davidson* and *Pickens,* for appellee.

DAUSMAN, P. J.—On November 15, 1918, one Fred Riggs, while in the employment of the cement company, received an injury by accident arising out of and in the course of his employment which resulted in his death on that date. He left two dependents, viz., his wife Ida Riggs, and his daughter Lelia Irene Riggs who was then about four years of age. On January 22, 1919, the cement company entered into an agreement with Ida Riggs by the terms of which the cement company agreed to pay the mother, for herself and her child, compensation at the rate of $13.20 per week, for 300 weeks, in accordance with the terms and provisions of the Workmen's Compensation Law. The agreement was approved by the Industrial Board and thereby became in effect an award.

It is conceded that at the date of the award the law provided that the marriage of the mother should termi-

nate the dependency of the child.   §38 Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918).

At the 1919 session of the legislature said §38, *supra,* was amended.   By that amendment it is provided that the marriage of a widow shall terminate her own dependency but not the dependency of her child.   Acts 1919 p. 158.

On September 10, 1919, after the amendment had become effective, the widow married one Elza O. Todd and has lived with him continuously since the marriage. At the time of the death of her father, and continuously since that time, the child Lelia Irene Riggs has lived with her mother.

On October 31, 1919, the cement company filed its application to review the award on account of a change of conditions, and for the purpose of being relieved from further payments of compensation on the ground that the widow had married.   Thereupon the board ordered that payment of compensation cease from and after the date of the marriage.

Lelia Irene Riggs was not named as a party to either of the foregoing proceedings before the board.

On March 11, 1920, Lelia Irene Riggs, by her next friend Ida Riggs Todd, filed her application for the purpose of procuring an order for the payment of compensation to her notwithstanding the marriage of her mother.   Upon the hearing the full board ordered that the plaintiff take nothing by her application and that she pay the costs.   The appeal is from this last order.

Did the amendment confer any benefit upon the child?   In other words, are the rights of the parties to be determined by the original act or by the 1, 2.   amendatory act?   In the application of a statute two general propositions must be kept in mind.

(1)   It is essential that any conflict with constitutional

limitations be avoided. (2) Legislation should be given a prospective, rather than a retroactive, effect.

It is the duty of the Industrial Board,. when making an award, to fix the rights of the parties in accordance with the law as it existed at the time of the in-

3. jury to the workman. In the case at bar the law, as it existed at the time the workman received the fatal injury, required the payment of compensation at the rate of fifty-five per cent. of his average weekly wages (not exceeding $13.20 per week) for 300 weeks, to his widow Ida Riggs for the benefit of herself and her child Lelia Irene Riggs; and required also that the entire compensation should cease if the mother should marry within the compensation period. The legal effect of the award is as if it were written in the following words: "It is therefore ordered that the defendant pay to the plaintiff, for herself and her child, compensation at the rate of $13.20 per week during her widowhood, not exceeding however. 300 weeks." Can the legislature increase this award by raising the rate or by extending the compensation period? Can the award be disturbed in any manner by subsequent legislation? We are of the opinion that the rights of all concerned were fixed by the act under which the award was made, and may not be modified by subsequent legislation. If the legislature may increase awards, it may also decrease awards. To permit subsequent legislation to increase or diminish the compensation specified in awards would be to strike down vested rights. Then no one would be secure. The resulting uncertainty, distrust and confusion would destroy the compensation plan itself. To give to the amendment the effect desired by appellant would be to confer on the child a substantive right which she did not possess at the time of the injury and death of her father, and to impose on the employer a burden not

imposed by the law at that time; and would be giving an unwarranted retroactive effect to the amendment. There is nothing in the amendment to indicate that the legislature intended that it should affect awards previously made. The conclusion we have reached on this phase of the matter makes it unnecessary to discuss the question whether or not the contrary conclusion would conflict with certain constitutional limitations.

The theory of the compensation law required that the compensation should be paid to the mother and that the dependent child should receive its support through the mother. It was not necessary that the fund should have been apportioned between the two dependents, or that a guardian or trustee should have been appointed for the child, or that the child should have been made a party to the original proceeding. Under the circumstances of this case the interests of the child were committed to the mother and its rights are determined by the original proceeding.

The award is affirmed.