DOLORES McALLISTER, PETITIONER-RESPONDENT, v. BOARD OF EDUCATION, TOWN OF KEARNY, RESPOND-ENT-APPELLANT.

Argued February 17, 1964—Decided March 17, 1964.

*Mr. Henry G. Morgan* and *Mr. Robert J. C. McCoid* argued the cause for the respondent-appellant (*Messrs. Schneider & Morgan,* attorneys).

*Mr. Aaron Gordon* argued the cause for the petitioner-respondent.

*Mr. Isidor Kalisch,* attorney for American Hard Rubber Co., filed a brief *amicus curiae.*

PER CURIAM. In 1952 the decedent fell from a ladder and suffered injury including serious heart damage. He filed his workmen's compensation claim and in 1955 the Division determined that he was totally and permanently disabled; it awarded him 75% of total permanent, finding that 25% of his disability was due to pre-existing arteriosclerotic and arthritic conditions which were not affected by his accident. In 1957 he suffered a severe emotional upset and died, leaving his widow and three minor children. His widow filed her dependency claim petition for compensation and a hearing was held before the Division. Medical testimony was introduced by her to the effect that after the accident the decedent's condition deteriorated progressively, that the underlying arteriosclerotic condition had little to do with the deterioration, and that the decedent's accident and death were causally related. Medical testimony was introduced by the Board of Education to refute causal relationship but the Compensation Judge rejected it, pointing out that it ignored "the continuing effects of the accident" and the fact that at no point had "a stationary fixed level been reached." He expressly found causal relation between the accident and the death and also determined that the applicable compensation rates were those in force under *N. J. S. A.* 34:15–13 at the time of the decedent's death, namely, October 12, 1957.

The Board appealed to the County Court from the award rendered against it in the Division. It urged that there was

no causal relation between the accident and the death and also that the Compensation Judge had erred in his determination that the rates in effect at the time of the death rather than the accident were controlling. After reviewing the evidence, the County Court made the finding that the petitioner had established causal relationship and that she was entitled to judgment for death benefits for herself and her minor children. It then determined, however, that the controlling rates were those in force at the time of the accident. On cross appeals to the Appellate Division, that court reviewed the evidence and made an independent factual finding as called for by *Russo v. United States Trucking Corp.*, 26 *N. J.* 430 (1958), and *Ricciardi v. Marcalus Mfg. Co.*, 26 *N. J.* 445 (1958). It found causal relationship between the accident and the death and it also determined, as had the Workmen's Compensation Division, that the controlling rates were those in force at the time of the death. *McAllister v. Bd. of Ed., Town of Kearny*, 79 *N. J. Super.* 249 (*App. Div.* 1963). We granted certification on the Board's application. 41 *N. J.* 117 (1963).

There have been three concordant findings of causal relationship and that should be more than enough to satisfy any rational concept of the sound administration of justice. It is true that the third finding was called for by *Russo* and *Ricciardi,* but those decisions have not escaped criticism (13 *Rutgers L. Rev.*, at *pp.* 73, 172 (1958)) and have entailed troublesome problems. Perhaps they should be reconsidered though not here since neither party has asked for such action and, in any event, they do not call for the fourth independent factual finding which the Board now seeks. *Russo* and *Ricciardi* placed reliance upon the fact that under the old practice the former Supreme Court would make a third factual finding and they equated the current mode of review before the Appellate Division with that available in the former Supreme Court upon its grant of *certiorari*. 26 *N. J.*, at *pp.* 433–435. They did not deal with the further review under the old practice; if they had they undoubtedly would have

pointed out that the Court of Errors and Appeals did not interfere with the former Supreme Court's factual determinations on conflicting evidence. See *Pilkington v. N. J. State Highway Dept.*, 125 *N. J. L.* 444 (*E. & A.* 1940); *Bollinger v. Wagaraw Building Supply Co.*, 122 *N. J. L.* 512, 517 (*E. & A.* 1939). Regardless of the old practice, it is entirely clear that there is nothing in common sense or in our current rules of practice which imposes a mandatory requirement for a fourth factual finding in this Court. *R. R.* 1:5–4(b) and *R. R.* 4:88–13 authorize but do not direct that we make new findings of fact; and although *Yeomans v. Jersey City*, 27 *N. J.* 496 (1958), talked in terms of new findings, the review there was from a divided Appellate Division. Here the Appellate Division's finding was a unanimous one and nothing has been shown to warrant its disturbance. See *Hagerman v. Lewis Lumber Co.*, 13 *N. J.* 315, 318 (1953).

The remaining issue dealt with below[1] arose because the Legislature had, between the date of the injury in 1952 and the date of the death in 1957, increased the compensation rates applicable to dependency claims. *L.* 1956, *c.* 141, § 3, *p.* 570, *N. J. S. A.* 34:15–13. The Board contended that the increased rates could not constitutionally be applied where, as here, the accident which resulted in the death preceded the effective date of the legislation. This contention was rejected by the Appellate Division which pointed out that our Workmen's Compensation Act vests a new and independent right to compensation in the dependents, that this new right ac-

---

[1] Since it was not involved in the proceeding before it, the Appellate Division did not deal with the issue of whether the number and identity of the dependents are to be determined as of the date of the employee's accident or the date of his death. In *Fitzsimmons v. Federal Shipbuilding & Dry Dock Co.*, 4 *N. J.* 110 (1950), the Court held that, although *N. J. S. A.* 34:15–13 referred to dependents at the time of the accident "or at the time of death," the date of the accident was nonetheless the determinative factor. Chief Justice Vanderbilt and Justices Heher and Wachenfeld dissented and we have doubts as to the soundness of the majority holding; however, we shall withhold further consideration of the issue until it is squarely presented to us for determination.

crues at the time of the employee's death, that an increase in rates is not subject to any charge of retroactivity so long as it applies only to death occurring subsequent to the effective date of the legislation, and that the application of the increase to such subsequent death involves no unconstitutional impairment of contract. The Appellate Division's views were well expressed in a comprehensive opinion by Judge Gaulkin (79 *N. J. Super.* 249); we subscribe to its views and merely add the following supportive citations to those set forth in the opinion. See *Peak v. State Compensation Comm'r,* 141 *W. Va.* 453, 91 *S. E.* 2d 625 (*Sup. Ct. App.* 1956); *Hampton Roads Stevedoring Corp. v. O'Hearne,* 184 *F.* 2d 76 (4 *Cir.* 1950); *Kunst v. General Bronze Corp.,* 264 *App. Div.* 494, 35 *N. Y. S.* 2d 878, aff'd 289 *N. Y.* 661, 45 *N. E.* 2d 168 (*Ct. App.* 1942).

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.