(590 P.2d 594)

No. 49,385

PHYLLIS HORTON, Widow of Wayne Horton, Deceased, *Appellant,* v. FLEMING COMPANY and TRAVELERS INSURANCE CO., *Appellees.*

Opinion filed February 16, 1979.

*Craig Irwin,* of Irwin, Irwin & Clutter, of Topeka, for appellant.

*James E. Benfer,* of Benfer and Farrell, of Topeka, for appellees.

Before REES, P.J., PARKS and SWINEHART, JJ.

REES, J.: Wayne L. Horton was fatally injured on July 3, 1974, as the result of an accident arising out of and in the course of his employment by Fleming Company. A workmen's compensation claim was filed on behalf of his dependent surviving spouse and minor children. The award to the dependents entered by the examiner on October 8, 1976, was approved on review and appeal by the director and district court.

The examiner found K.S.A. 1975 Supp. 44-510b(*j*) applicable, thus providing a reduction by way of setoff in the computation of the compensation as follows:

"(*j*) When any benefits are being paid under the federal social security act because of the death of an employee whose dependents are entitled to compensation under this section, the amount of compensation due under this section shall be reduced by an amount equal to one-half (½) of the amount of such social security payments during the time such social security payments are being made to the workman's dependents."

K.S.A. 1975 Supp. 44-510b(*j*) was enacted by the 1974 legislature effective July 1, 1974. L. 1974, ch. 203, § 11, p. 686. Its constitutionality was challenged and upheld in *Baker v. List and Clark Construction Co.,* 222 Kan. 127, 563 P.2d 431 (1977). However, after a short-lived existence, the legislature repealed

the statute effective July 1, 1977. L. 1977, ch. 177, § 1, p. 672. The sole issue now before us is whether after repeal of K.S.A. 1977 Supp. 44-510b(*j*) the setoff directed by that statute is applicable to compensation payments due after the repeal and which are compensation arising out of fatal accidents that occurred while the statute was in effect.

In Kansas it is well established that a workmen's compensation claim is contractual in nature and that the cause of action accrues on the date of injury or death. The substantive rights of the parties are determined by the law in effect on the date of injury or death. An amendment to the workmen's compensation act or, as in this case, a repeal of a part of the act, which is procedural or remedial in nature, and which does not prejudicially affect the substantive rights of the parties, applies to pending cases. Generally, an amendment will operate prospectively unless its language clearly indicates retroactive application and retroactive application will not impair vested rights. *Baker v. List and Clark Construction Co.,* 222 Kan. at 133, 134; *Lyon v. Wilson,* 201 Kan. 768, 774, 443 P.2d 314 (1968); *Eakes v. Hoffman-LaRoche, Inc.,* 220 Kan. 565, 569, 552 P.2d 998 (1976); See also *In re Estate of Laue,* 225 Kan. 177, Syl. ¶ 4, 589 P.2d 558 (1979).

In other jurisdictions, it has been held that the *amount* of compensation payable to a workmen's compensation claimant is a matter of substance rather than procedure. *Cooper v. Wicomico County,* 278 Md. 596, 598-599, 366 A.2d 55 (1976); *Aetna Casualty & Surety Co. v. Industrial Acc. Com'n.,* 174 P.2d 41, 44-49 (Cal. App. 1946), *aff'd* 30 Cal. 2d 388, 182 P.2d 159 (1947); *Riggs v. Lehigh Portland Cement Co.,* 76 Ind. App. 308, 131 N.E. 231 (1921). We agree. The reasoning in *Riggs* is persuasive. In that case, application of an Indiana workmen's compensation act amendment would have changed the amount of an award upon remarriage of the claimant. The court stated:

"Can the Legislature increase this award by raising the rate or by extending the compensation period? Can the award be disturbed in any manner by subsequent legislation? We are of the opinion that the rights of all concerned were fixed by the act under which the award was made, and may not be modified by subsequent legislation. If the legislature may increase awards, it may also decrease awards. To permit subsequent legislation to increase or diminish the compensation specified in awards would be to strike down vested rights. Then no one would be secure. The resulting uncertainty, distrust and confusion would destroy the compensation plan itself." 76 Ind. App. at 311.

Because of the repeal of K.S.A. 1975 Supp. 44-510b(*j*), was there a change in the amount of compensation payable to claimants? The claimants in the case before us argue the repeal of the statutory setoff provision does not change the amount of compensation, but only accelerates the collection of the employer's obligation. Reliance is placed on *Ellis v. Kroger Grocery Co.,* 159 Kan. 213, 152 P.2d 860 (1944). In that case, an amendment to the workmen's compensation act provided that upon default by the employer in making compensation payments, the claimant could demand a lump sum payment of the total award. The court stated:

"In view of what has been said we think the statute was remedial in character and deprived appellant of no vested right. A statute which merely changes a remedy is not unconstitutional, although it is applied retroactively." 159 Kan. at 218-219.

The court also found language in the amendment indicating an intent for retroactive application. 159 Kan. at 217-218.

We conclude that the 1977 repeal of K.S.A. 1975 Supp. 44-510b(*j*) changed the amount of compensation to be paid by reason of the act and was a change substantive, not remedial, in nature.

Examination of K.S.A. 1975 Supp. 44-510b, the section of the workmen's compensation act prescribing the workmen's compensation benefits to be paid by reason of death resulting from a covered injury and in effect as of the date of Wayne L. Horton's fatal injury, discloses that as a stated general rule death benefits were not to exceed $50,000 in total. Where benefits were to be paid to dependent minor children of the workman, as in the case before us, the weekly compensation payments to the children were to cease when there was no living unmarried child under eighteen (18) years of age. However, if when a total amount of $50,000 was paid as compensation to all dependents, any then living unmarried child under eighteen (18) years of age was to continue to be paid his or her compensation until becoming eighteen (18) years of age. It is clear that the monetary total of compensation payments due to a deceased workman's dependent minor children was not ascertainable as of the date of injury nor, we surmise as a practical matter, as of the date of award. The weekly compensation due was determined by computation directly involving multiple factors. Included among these were the employee's average gross weekly wage, the statutory factor of 66⅔%, the maximum and minimum limits imposed by K.S.A.

1975 Supp. 44-510c, *and* the statutory setoff that was the subject of the act. The repeal did not effect an acceleration of collection of the employer's obligation; it changed the amount of compensation.

K.S.A. 1975 Supp. 44-510b(*j*) was a statutory statement of a direct factor in the computation of compensation. Its repeal constituted a change in the amount of compensation due to certain dependents of a deceased workman. The repeal was substantive, not remedial, in nature. It cannot be applied retroactively.

Affirmed.