PEGGY SMITH, Appellee, v. THE INDUSTRIAL COMMISSION *et al.*
(A.O. Smith Corporation, Appellant).

Fifth District (Industrial Commission Division)   No. 5—84—0099WC

Opinion filed October 3, 1984.—Rehearing denied November 13, 1984.

WEBBER, J., dissenting.

William L. Rogers, of Keefe & DePauli, P.C., of Fairview Heights, for appellant.

Larry A. Calvo, of Calvo and Guzzardo, of Granite City, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

On October 29, 1971, Raymond Smith suffered a severe electrical shock in the course of his employment with respondent, A. O. Smith Corporation (A. O. Smith Corp.). He became comatose and died on June 3, 1980, without ever regaining consciousness. Petitioner, Peggy J. Smith, who is decedent's widow, filed an application for adjustment of claim seeking to obtain the benefits in effect at the time of her husband's death on June 3, 1980, rather than those in effect at the time of decedent's original injury on October 29, 1971. An arbitrator found that A. O. Smith Corp. had complied with the law in effect at the time of the injury and, therefore, denied petitioner's claim. The Industrial Commission affirmed the arbitrator's decision. The circuit court of Madison County set aside the decisions of the arbitrator and the Industrial Commission and found that the law governing benefits at the time of the death of petitioner's husband should apply. A. O. Smith Corp. has perfected the instant appeal to this court.

The following facts are undisputed: At the time of his injury Raymond Smith was 44 years of age, was married and had three children under 18 years of age. At the time of Mr. Smith's death he was survived by his widow and one child under the age of 18. The earnings of Mr. Smith during the year prior to his injury were $15,600, and his average weekly wage was $300. Survivor's benefits due on October 29, 1971, the time of the original injury, amounted to $34,034, and A. O. Smith Corp. has made payments in excess of this amount.

The arbitrator ruled that since A. O. Smith Corp. had complied with the law in effect on October 29, 1971, the time of Mr. Smith's injury, no further payments were due and owing. The Industrial Commission affirmed the decision of the arbitrator and held that the amount of the benefits due to petitioner should be determined by the law in effect at the time of the injury. The circuit court set aside the decision of the Industrial Commission and found that the law in effect on June 3, 1980, the time of Mr. Smith's death, governed as to the amount of benefits due.

Thus, the sole issue before this court is whether the benefits due dependents under the Workers' Compensation Act are governed by the law in effect at the time of an employee's original injury or at the time of an employee's resulting death.

This issue has been considered by the courts of various States. Many jurisdictions hold that the rights of an employee's dependents are governed by the law in force at the time of the employee's death. (*E.g., Booker v. Duke Medical Center* (1979), 297 N.C. 458, 256 S.E.2d 189; *Sizemore v. State Workmen's Compensation Commissioner* (W. Va. 1975), 219 S.E.2d 912; *McAllister v. Board of Education* (1964), 42 N.J. 56, 198 A.2d 765; *State ex rel. Jones & Laughlin Steel Corp. v. Dickerson* (1953), 160 Ohio St. 223, 115 N.E.2d 833; *Peterson v. Federal Mining & Smelting Co.* (1946), 67 Idaho 111, 170 P.2d 611.) The rationale for these decisions is that the workmen's compensation statute confers upon an employee's dependents a new and independent right to compensation. (See 81 Am. Jur. 2d *Workmen's Compensation* sec. 89 (1976); 99 C.J.S. *Workmen's Compensation* sec. 21(c), at 138 n.34 (1958).) Other jurisdictions, however, have held that the statutory provisions in effect at the time of the original injury control a dependent's rights. (*E.g., Iverson v. Argonaut Insurance Co.* (1982), ___ Mont. ___, 645 P.2d 1366; *Horton v. Fleming Co.* (1979), 3 Kan. App. 2d 121, 590 P.2d 594; *Collier v. Hope Coal Co.* (Ky. 1954), 269 S.W.2d 278; *Beausoleil's Case* (1947), 321 Mass. 344, 73 N.E.2d 461; *Riggs v. Lehigh Portland Cement Co.* (1921), 76 Ind. App. 308, 131 N.E. 231.) These latter decisions appear to be based

upon the theory that the workmen's compensation act does not create new rights of action in the dependents of a deceased employee but rather that the right of the employee merely survives for the dependent's benefit. See Annot., 82 A.L.R. 1244 (1933).

██ █ Illinois courts have recognized that a dependent's claim for benefits under the Workers' Compensation Act is not derivative but instead constitutes an independent cause of action. (*General American Life Insurance Co. v. Industrial Com.* (1983), 97 Ill. 2d 359, 365, 454 N.E.2d 643, 646; *Burke v. Industrial Com.* (1938), 368 Ill. 554, 556, 15 N.E.2d 305, 307-08; *American Steel Foundries v. Industrial Com.* (1935), 361 Ill. 582, 589, 198 N.E. 687, 690.) Given this premise, it necessarily follows that the law in effect at the time of the employee's death would control petitioner's recovery in the case at bar. We conclude, therefore, that since a dependent's right to receive compensation does not arise until the injured employee's death, the amount of such benefits is determined by the law in effect at that time. In the instant case the amount of death benefits due petitioner is to be determined by the law in effect on June 3, 1980.

We further conclude that *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, 394 N.E.2d 1173, and *Stanswsky v. Industrial Com.* (1931), 344 Ill. 436, 176 N.E. 98, relied upon by respondent A. O. Smith Corp., are inapposite. *Grigsby* involved a claim by an injured employee for benefits which included an increase in benefits enacted by the legislature subsequent to his injury but before the decision of the Industrial Commission. *Stanswsky* also was not a derivative claim. Instead, it involved a claim filed by an employee's widow for that portion of the employee's workers' compensation award that remained unpaid on the date of the employee's death, his death having resulted from causes which were not related to the injury for which compensation was being paid. We find both of these cases to be inapplicable to the instant case.

For the foregoing reasons, the judgment of the circuit court of Madison County is affirmed.

Affirmed.

SEIDENFELD, P.J., and BARRY and McNAMARA, JJ., concur.

JUSTICE WEBBER, dissenting:
While I am appreciative of the logical precision of the syllogism constructed by the majority, I feel constrained to depart from its conclusion for the reason that it ignores an essential element in a depen-

dent's cause of action. While it is true that such a cause of action is independent and not derivative, nevertheless an integral condition of that cause of action is the existence of an injury to the worker resulting in his death. This is found in the statute itself, which states, "The amount of compensation which shall be paid for an accidental injury to the employee resulting in death is:" (Ill. Rev. Stat. 1983, ch. 48, par. 138.7). Thus, while the cause of action is independent, it is only inchoate until the death occurs. The fact of its independent nature does not *ipso facto* answer the question of the measure of damages to be applied.

The authorities cited by the principal opinion for its conclusion are not helpful. *American Steel Foundries* held that a prior settlement agreement by the deceased employee did not bar the widow's claim for death benefits. *Burke* was concerned with a limitations question: whether the widow must file within one year of the accident or within one year of the death. *General American Life* was concerned with questions of intervention. All of these cases reiterate the axiom that the dependent's cause of action is independent, but none touches the matter of the measure of damages for the plain reason that the same damages applied both before and after the precise questions presented in those cases: abatement, limitations, and intervention.

Nor can I countenance the summary rejection of *Stanswsky* and *Grigsby*. Quite to the contrary, I find *Stanswsky* dispositive. In that case the worker was injured in January 1929. The statute then in force made no provision for the continuation of uncollected benefits to his dependents following his death. The statute was amended, effective July 1, 1929, to provide for such continuation. An award was made to the worker on July 23, 1929, and he died from causes unrelated to the accident on September 3, 1929. His widow sought continuation under the amended statute. The supreme court rejected the claim, saying:

> "At the time of the accidental injury in this case the law defined the rights of the employee and circumscribed the limits of the employer's responsibility. It is clear that such rights to compensation as existed on the date of the injury in January, 1929, could not be enlarged or diminished by an act of the legislature which became effective in July, 1929. *** The law in effect at the time of the injury governs the rights of the parties and not the law effective at the time the award is made or at the death of the injured person." 344 Ill. 436, 439-40, 176 N.E. 898.

*Stanswsky* was followed and cited in *Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 51, 402 N.E.2d 584,

587, where the supreme court said, "As a general rule, workmen's compensation proceedings are governed by the law in effect at the time of the injury." Accord, *Grigsby*: "A long line of Illinois decisions has held that the law in effect at the time of the injury determines the rights of the parties." 76 Ill. 2d 528, 531, 394 N.E.2d 1173.

In none of these cases did the supreme court draw any distinctions, but stated that the rights of the "parties," *i.e.*, employer, employee, and dependents, all who might benefit from the Act, were determined at the time of injury. Since a dependent's claim could never arise but for an injury, the governing law at the time of that injury must necessarily control.

As the majority points out, the various jurisdictions have gone their separate ways on this subject, but many of them do so as a result of local statutes. (See 2 A. Larson, Workmen's Compensation sec. 64.50 (1983).) The Illinois statute is silent on the subject.

I feel that this subject should be explored by the legislature. It is a matter of common knowledge that spectacular advances in the world of medicine have made possible the prolongation of vital signs almost indefinitely, although the brain waves of the patient remain essentially flat and the patient himself remains in a comatose, or even vegetative, state. Cases factually similar to the one at bar are almost certain to arise in the future, and some public policy should be statutorily enacted to deal with them. Until that time arrives, the holdings of the supreme court in *Stanswsky* should be followed. If such policy does not come from the legislature, then perhaps the supreme court should review those holdings in the light of present-day medical practices.

I would reverse the trial court and affirm the Commission.