No. 58,405

ARCHIE ANDERSON, *Appellee*, v. NATIONAL CARRIERS, INC., a Kansas Corporation, and TRAVELERS INSURANCE COMPANY, Lien Intervenor, *Appellants*.

(727 P.2d 899)

Opinion

filed October 31, 1986.

*Ken W. Strobel*, of Williams, Larson, Strobel, Estes & Malone, P. A., of Dodge City, argued the cause, and *B. G. Larson*, of the same firm, was with him on the brief for appellant.

*Lelyn J. Braun*, of Lelyn J. Braun, Chartered, of Garden City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by National Carriers, Inc., and Travelers Insurance Company, a workers' compensation insurance carrier and lien intervenor, from the judgment of the District Court of Seward County, Kansas, which reduced the amount of the insurer's subrogation lien by the percentage of fault attributed to the plaintiff's employer. The basic issue concerns the applicability of the 1982 amendment to K.S.A. 44-504 to the insurer's subrogation rights. The injury occurred before the amendment, and recovery by the worker against the negligent third party occurred after the effective date of the amendment.

The factual and procedural background is as follows. On November 24, 1980, Anderson, an employee of National Beef Packing Company, was injured on the job when a truck of

National Carriers, Inc., backed over him. Travelers Insurance Company, as National Beef's workers' compensation carrier, made substantial payments to or on behalf of Anderson following his injury. On December 21, 1981, Anderson filed this lawsuit against National Carriers, Inc., as owner and operator of the truck which caused his injuries. On July 6, 1982, a settlement agreement in the workers' compensation matter was entered into between Anderson and Travelers and was approved by the administrative law judge. That agreement provided in part that:

"It is understood by the claimant that the respondent, Idle Wild Foods, and insurance carrier, Travelers Insurance Co., [do] not by this settlement waive [their] statutory Workers' Compensation subrogation lien as to any recovery made by the claimant pursuant [to] K.S.A. 44-504."

Idle Wild Foods is the parent company of both National Beef and National Carriers.

On July 1, 1982, the 1982 amendment to K.S.A. 44-504 became effective. Thus, at the time of the compromise settlement, July 6, the 1982 amendment to K.S.A. 44-504 was in effect. On September 3, 1982, Travelers filed its notice of lien and intervened in this case. On April 22, 1983, following a jury trial, judgment was entered in this case for the plaintiff. The jury attributed 29% fault to Anderson, 22% fault to National Carriers, and 49% fault to National Beef. It also found total damages in the amount of $700,000. The judgment was affirmed on appeal. *Anderson v. National Carriers, Inc.*, 10 Kan. App. 2d 203, 695 P.2d 1293, *rev. denied* 237 Kan. 886 (1985). Thereafter, National Carriers paid to the district court the amount of the judgment against it, $154,000, with accrued interest. This amount was invested in an interest-bearing account pending disbursement. Travelers claimed a lien for the total amount of its workers' compensation payments to Anderson, $96,219.39. In June 1985, the district court reduced Travelers' subrogation claim by the percentage of fault attributed to Anderson's employer, National Beef, (49%) and the district court also awarded one-third of the remaining subrogation lien as attorney fees for plaintiff's counsel. National Carriers and Travelers appeal.

Travelers contends that the trial court erred in reducing the subrogation lien for two reasons. It claims that the 1982 amendment to K.S.A. 44-504, now K.S.A. 1985 Supp. 44-504(d), could not be applied in this case because the accidental injury oc-

curred prior to the effective date of the amendment. It also contends that the compromise settlement should not be interpreted to allow reduction of the employer's subrogation lien. Additionally, it argues that the trial court erred in allowing attorney fees to plaintiff's attorney; and finally, it argues that the district court erred in failing to award accrued interest to the employer and Travelers on the amount of the subrogation lien recovered as a result of this action.

We agree with the trial court and the Court of Appeals that the 1982 amendment, K.S.A. 1985 Supp. 44-504(d), applies in this case. We adopt the applicable portion of the opinion of the Court of Appeals which states:

"K.S.A. 1985 Supp. 44-504(a) allows an employee who is injured by a third party to sue such third party for damages and still be entitled to workers' compensation benefits. In the event the employee recovers a judgment, the employer is subrogated 'to the extent of the compensation and medical aid provided by the employer.' K.S.A. 1985 Supp. 44-504(b). Prior to 1982, K.S.A. 44-504 did *not* provide for reduction of an employer's subrogation lien if the employer was found to be partially at fault for the employee's injuries, even though K.S.A. 60-258a provided for comparative fault. The Kansas Supreme Court recognized the inequities in allowing a partially negligent employer to recover full subrogation in *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465, 468-69, 625 P.2d 472 (1981). However, the Supreme Court refused to reduce the employer's lien since '[t]he extent and nature of the subrogation rights of an employer under the workmen's compensation statutes are matters for legislative determination.' 229 Kan. at 469.

"To remedy this inequity, the Kansas Legislature amended K.S.A. 44-504 effective July 1, 1982, by adding subsection (d). This provision reads:

" '(d) If the negligence of the worker's employer or those for whom the employer is responsible, other than the injured worker, is found to have contributed to the party's injury, the employer's subrogation interest or credits against future payments of compensation and medical aid . . . shall be diminished by the percentage of the damage award attributed to the negligence of the employer or those for whom the employer is responsible, other than the injured worker.' K.S.A. 1985 Supp. 44-504(d).

"Travelers contends that this provision was retroactively applied since the accident involved in this case occurred prior to the enactment of K.S.A. 1985 Supp. 44-504(d). As a general rule, a statute will only operate prospectively unless the statute clearly indicates legislative intent for it to operate retroactively. *Tew v. Topeka Police & Fire Civ. Serv. Comm'n*, 237 Kan. 96, 103, 697 P.2d 1279 (1985); *Kopp's Rug Co. v. Talbot*, 5 Kan. App. 2d 565, 568-69, 620 P.2d 1167 (1980).

"The Kansas Supreme Court has interpreted K.S.A. 1985 Supp. 44-504(d) and has held that it only operates prospectively. *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766, 768-69, 667 P.2d 289 (1983). Therefore, it is necessary to determine whether the district court applied the statute retroac-

tively in this case. Here, the injury to the employee occurred on November 24, 1980. The plaintiff-employee filed an amended petition against National Carriers on December 30, 1981. The trial leading to a judgment against National Carriers began on April 19, 1983, and the verdict was returned on April 22, 1983.

"The appellate courts of Kansas have dealt with the problem of retroactive application of amendments to the workers' compensation statutes several times. In *Johnson v. Warren*, 192 Kan. 310, 387 P.2d 213 (1963), the Supreme Court dealt with a 1961 amendment which allowed an increased amount of medical benefits to be paid to injured workers. The court held that the increase in benefits could not be retroactively applied to injuries incurred prior to the effective date of the amendment. The court stated:

" 'The liability of an employer to an injured employee is a liability arising out of a contract between them, and the terms of the statute are embodied in the contract [citation omitted]; the injured employee must therefore recover upon the contract with his employer, and the cause of action accrues on the date of the injury. [Citations omitted.] Where parties are under the compensation act their substantive rights are determined by the law in effect on the date of the workmen's injury. [Citation omitted.]' 192 Kan. at 313-14.

"While this language would appear to apply to all rights between the employer and employee, including the employer's right to subrogation, it should be noted that in *Johnson v. Warren*, 192 Kan. 310, and all other similar workers' compensation cases, the courts dealt with legislative amendments which directly affected the employer's liability for benefits to the injured employee. For example, in *Lyon v. Wilson*, 201 Kan. 768, 443 P.2d 314 (1968), the issue was the application of 1967 amendments which altered the conditions for which compensation would be paid to an injured employee in heart cases. The Supreme Court held that the amendments, which affected the amount of compensation, were not applicable to injuries which occurred prior to the effective date of the statute. Similarly, in *Horton v. Fleming Co.*, 3 Kan. App. 2d 121, 590 P.2d 594, *rev. denied* 225 Kan. 844 (1979), this court refused to retroactively apply the repealed setoff provision which would affect the employer's liability to the employee for an injury which occurred prior to the repeal. These cases are distinguishable from the case at bar for the reason that in these cases the courts' emphasis was to avoid the retroactive application of amendments which would affect the amount of compensation due an injured workman.

"This case does not involve the amount of compensation due an injured workman under the Workmen's Compensation Act. This case involves the employer's right of subrogation to the extent of the compensation and medical aid provided by the employer to the employee and the employer's lien on a judgment obtained by the employee against a third-party tortfeasor. The employer's right to subrogation and a lien on the judgment obtained by the employee is provided by K.S.A. 1985 Supp. 44-504(b) which commences with the words, '[i]n the event of recovery.' The right to subrogation therefore only arises in cases where the injured workman obtains a judgment against a third-party tortfeasor and there is no right to subrogation unless and until the injured workman has obtained a judgment against the third-party tortfeasor.

" 'Rights are vested when the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest.

On the other hand, a mere expectancy of future benefit, or a contingent interest in property founded on anticipated continuance of existing laws, does not constitute a vested right.' *Board of Greenwood County Comm'rs v. Nadel*, 228 Kan. 469, 473-74, 618 P.2d 778 (1980).

In this case, damages were awarded on April 22, 1983, over nine months after the effective date of amendment (d) to 44-504. Since the statutory subrogation right does not exist until there is a recovery, the amended statute was not retroactively applied in this case. This finding is implicitly supported by the Kansas Supreme Court's decision in *McGraw v. Sanders Co. Plumbing & Heating, Inc.*, 233 Kan. 766. In *McGraw*, the court based its analysis on the fact that 'at the time of trial' the existing workers' compensation statutes did not reduce an employer's subrogation lien. 233 Kan. at 768. The court did not mention the date of the accident when discussing the retroactive application of the statute. For the foregoing reasons, the application of K.S.A. 1985 Supp. 44-504(d) to this case would not be retroactive.

"Travelers also contends that the district court erred by interpreting the compromise settlement entered into by the parties. The district court found that the parties intended to allow Travelers its subrogation claim, less the percentage of fault attributed to the employer. In the compromise settlement, the parties specifically referred to K.S.A. 44-504. The settlement read in part:

'It is understood by the claimant that the respondent, Idle Wild Foods, and insurance carrier, Travelers Insurance Co., does not by this settlement waive its statutory Workers' Compensation subrogation lien as to any recovery made by the claimant pursuant ti [*sic*] K.S.A. 44-504.'

This compromise settlement was agreed to by the parties on July 6, 1982, five days *after* the effective date of K.S.A. 1985 Supp. 44-504(d).

"The scope of appellate review is broader when interpretation of contracts is involved. Furthermore, since the issues on appeal were submitted to the trial court on an agreed stipulation of facts and documentary evidence, the appellate court has the same opportunity to consider and evaluate the evidence as the trial court. *Cosgrove v. Young*, 230 Kan. 705, 716, 642 P.2d 75 (1982).

" 'It is a general rule that contracting parties are presumed to contract with reference to the existing law; indeed, they are presumed to have in mind all the existing laws relating to the contract, or to the subject matter thereof. Thus, it is commonly said that all existing applicable or relevant and valid statutes . . . at the time a contract is made become a part of it and must be read into it as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention. Following *Steele v. Latimer*, 214 Kan. 329, 336, 521 P.2d 304 (1974).' *Cairo Cooperative Exchange v. First Nat'l Bank of Cunningham*, 228 Kan. 613, Syl. ¶ 2, 620 P.2d 805 (1980).

"In reading the settlement agreement as a whole, it is clear that Travelers did not intend to waive its right to subrogation. At that time, the existing law provided that the statutory subrogation lien was diminished by the percentage of fault attributed to the employer. This interpretation does not result in a waiver of Travelers' subrogation lien; it merely interprets the 'statutory subrogation lien' retained by the employer and its insurance carrier. The settlement agreement does not disclose any intention by the parties indicating they are not contracting with reference to existing law. The trial court therefore correctly found that the

agreement was intended to allow the appellant a subrogation lien subject to reduction based on the fault attributed to the employer." 11 Kan. App. 2d at 192-96.

Anderson, the claimant, and Travelers, the insurance carrier, were bound by the law as it existed at the time the compromise settlement agreement was effective. On July 6, 1982, the amendment was effective and was the then-existing law.

The next issue is whether the trial court erred in awarding fees to Anderson's attorney out of Travelers' subrogation proceeds. The attorney filed the action, tried it to a jury in district court, and successfully defended it on appeal and petition for review. Such fees are authorized, in the discretion of the trial court, by statute. K.S.A. 1985 Supp. 44-504(c). We agree with and adopt the opinion of the Court of Appeals on this point. That portion of the opinion reads:

"K.S.A. 1985 Supp. 44-504(c) gives the trial court the discretion to fix attorney fees to be paid proportionately by the employer and the employee when either brings an action against a third-party tortfeasor. Travelers contends that the trial court abused its discretion in awarding attorney fees amounting to one-third of the employer's subrogation lien. Travelers bases its contentions on the unique relationship between the employer, National Beef, and the third-party tortfeasor, National Carriers. Both companies are wholly owned subsidiaries of Idle Wild Foods. Travelers contends that it should not have to pay any attorney fees since the employer did not benefit from the bringing of the third-party cause of action. Because of insurance deductibles, Travelers argues that Idle Wild Foods will be paying itself and, therefore, it received no benefit from the bringing of the action.

"However, National Beef was the plaintiff's employer. Therefore, it is only relevant whether National Beef benefited from the bringing of the action. In interpreting the attorney fee provisions of the workers' compensation statutes, the Kansas Supreme Court expressed concern about interpreting the statute to have a 'chilling effect upon the prosecution by the employee of his cause of action.' *Nordstrom v. City of Topeka*, 228 Kan. 336, 341, 613 P.2d 1371 (1980). Since it is clear that the employer recovered at least some of the benefits it paid plaintiff for workers' compensation, it is within the purpose of the statute to allow the plaintiff to recover some attorney fees. To interpret it otherwise would have a definite chilling effect on an employee's decision to bring an action.

"Abuse of discretion is defined as a decision by the trial court where no reasonable person would take the view adopted by the trial court. See *Wilson v. American Fidelity Ins. Co.*, 229 Kan. 416, 422, 625 P.2d 1117 (1981); *Cheek v. Hird*, 9 Kan. App. 2d 248, 250, 675 P.2d 935 (1984). The district court's action is not within the realm of abuse of discretion. In this case, the plaintiff recovered a judgment which resulted in a recovery of part of the benefits paid by the employer. Furthermore, the case went to a jury trial for resolution. Allowance of a fee of one-third of the subrogation recovery is not an abuse of discretion." 11 Kan. App. 2d at 196-97.

On the allocation of interest issue, the Court of Appeals held that the employer (or in its stead, the insurance carrier) is entitled to recover interest on the amount of its subrogation lien from the date of the judgment and remanded the case to the trial court for distribution of interest accordingly. That portion of the Court of Appeals decision is not challenged in this court, and we find it well reasoned, fair, and equitable, and a just determination of that issue.

The judgment of the Court of Appeals is affirmed. The judgment of the district court reducing the subrogation lien by the percentage of the employer's fault and awarding attorney fees is affirmed. The district court's award of all interest on the judgment to the plaintiff is reversed and the case is remanded to the trial court for distribution of interest according to the views expressed in this opinion and that of the Court of Appeals.