No. 65,539

DAVID BRABANDER, *Appellant*, v. WESTERN COOPERATIVE ELECTRIC, *Defendant*, and COMMERCIAL UNION INSURANCE COMPANY, *Appellee*.

(811 P.2d 1216)

Opinion filed May 24, 1991.

*M. John Carpenter*, of Carpenter Law Office, of Great Bend, argued the cause, and *Donald Vasos*, of Vasos, Kugler & Dickerson, of Kansas City, was with him on the brief for appellant.

*Edward D. Heath, Jr.*, of Harris & Heath, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

McFARLAND, J.: In this appeal, a single narrow issue of statutory interpretation is raised. Specifically, does K.S.A. 1990 Supp. 44-504(d) require the trial court to reduce an employer's workers compensation subrogation interest: (1) by the percentage of fault attributed to the employer by the factfinder; or (2) by the percentage of the damage award itself attributable to the employer's negligence? The trial court interpreted K.S.A. 1990 Supp. 44-504(d) to require the employer's subrogation to be reduced by the percentage of fault attributed to the employer. David Brabander, the injured worker herein, appeals from this determination.

The background facts may be summarized as follows. On July 12, 1987, David Brabander was employed by Wayne's Trucking of Great Bend. He was engaged in setting a battery of oil tanks at an oil lease site near Utica. The truck utilized in the work was equipped with a boom, and the boom came in contact with a power line owned by Western Cooperative Electric Association,

Inc. As a result thereof, Brabander was severely injured. Brabander filed a third-party action against Western Cooperative pursuant to 44-504.

The jury found Brabander's employer, Wayne Trucking, to be 53 percent at fault and Western Cooperative to be 47 percent at fault. Damages were fixed at $327,876.46. Pursuant to K.S.A. 1990 Supp. 44-501 and K.S.A. 1990 Supp. 60-258a, the trial court reduced Brabander's damage award by the 53 percent fault attributed to the employer, leaving a net judgment of $154,101.93. No complaint is made in regard to such reduction. Workers compensation benefits of $176,441.45 had been paid to Brabander by his employer's workers compensation insurance carrier, Commercial Union Insurance, which company had a subrogation interest in said amount. The trial court applied K.S.A. 44-504(d) by reducing Commercial's subrogation interest by 53 percent, the percentage of fault attributed to the employer. This fixed Commercial's subrogation interest in the $154,101.93 judgment at $72,427.91. Brabander contends Commercial's subrogation interest should have been reduced by the percentage of the damage award attributable to the employer ($327,876.46 times .53 equals $173,774.52). This would have reduced the subrogation interest to $2,666.93 ($176,441.45 minus $173,774.52 equals $2,666.93).

K.S.A. 1990 Supp. 44-504(d), which is identical to K.S.A. 44-504(d), in effect at the time of the accident, provides:

"If the negligence of the worker's employer or those for whom the employer is responsible, other than the injured worker, is found to have contributed to the party's injury, the employer's subrogation interest or credits against future payments of compensation and medical aid, as provided by this section, *shall be diminished by the percentage of the damage award attributed to the negligence of the employer* or those for whom the employer is responsible, other than the injured worker." (Emphasis supplied.)

In its memorandum decision, the trial court stated:

"The method of computation is indirectly addressed in *Anderson v. National Carriers, Inc.*, 240 Kan. 101 [727 P.2d 899 (1986)]. In that case, the method of computation urged by the insurance company was approved by the Supreme Court even though the method of computation was not the specific issue being resolved.

"The statute is easier to read and its meaning, I believe, is more clear if it is stated as follows: 'If the negligence of the . . . employer . . . contributed . . . to the . . . injury, the . . . subrogation inter-

est . . . shall be diminished by the *percentage* of the damage award attributed to the negligence of the employer . . . .' The Plaintiff's construction of this statute would require the critical words to read as follows: shall be diminished by the *amount* of the damage award attributed to the negligence of the employer.

"I find the statute to be ambiguous and extremely poorly worded. The critical language would be more meaningful and easily understood if it were to read, 'shall be reduced by the percentage of the fault attributable to the employer . . .' or 'shall be reduced by the amount of damages attributable to the employer . . . .'

"However, the headnote in *Anderson* is controlling and the motion is resolved in favor of the Insurance Company and the Insurance Company's counsel is directed to prepare an order reflecting this determination and setting out the correct amounts of distribution in accordance herewith."

The central issue in *Anderson v. National Carriers, Inc.*, 240 Kan. 101, 727 P.2d 899 (1986), was whether the 1982 amendment to 44-504 which, for the first time, authorized a diminution of an employer's subrogation interest based upon fault of the employer was to be applied prospectively or retrospectively. The injury in *Anderson* had occurred prior to the amendment and the settlement with the third party had occurred after the amendment. The syllabus in *Anderson*, however, does state:

"In an appeal by the workers' compensation insurance carrier and lien claimant from a judgment apportioning the recovery made by the injured worker against a third-party tortfeasor, it is held that the *trial court did not err (1) in reducing the subrogation lien by the percentage of fault attributed to the employer, pursuant to K.S.A. 1985 Supp. 44-504(d)*, or (2) in awarding attorney fees to be paid proportionately by the employer and the injured worker. It is further held that the trial court did err in awarding all of the post-judgment interest to the injured worker and in failing to award the employer post-judgment interest on the amount of the subrogation lien." (Emphasis supplied.)

The mechanics of how the amendment should be applied in reducing an employer's subrogation interest was not an issue in *Anderson* and, accordingly, *Anderson* is neither controlling nor persuasive on the question before us.

At this point, certain principles of statutory construction need to be stated. The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. *Hughes v. Inland Container Corp.*, 247 Kan. 407, 414, 799 P.2d 1011 (1990). In construing statutes, the legislative intention is to be determined

from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *Bell v. Simon*, 246 Kan. 473, 476, 790 P.2d 925 (1990). When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Randall v. Seemann*, 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980). Interpretation of a statute is a matter of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature. *Little Balkans Foundation, Inc., v. Kansas Racing Comm'n*, 247 Kan. 180, 184, 795 P.2d 368 (1990).

In *Anderson*, we adopted certain portions of the Court of Appeals decision. Included therein were the following statements relative to the circumstances leading to the enactment of K.S.A. 44-504(d):

" 'K.S.A. 1985 Supp. 44-504(a) allows an employee who is injured by a third party to sue such third party for damages and still be entitled to workers' compensation benefits. In the event the employee recovers a judgment, the employer is subrogated "to the extent of the compensation and medical aid provided by the employer." K.S.A. 1985 Supp. 44-504(b). Prior to 1982, K.S.A. 44-504 did *not* provide for reduction of an employer's subrogation lien if the employer was found to be partially at fault for the employee's injuries, even though K.S.A. 60-258a provided for comparative fault. The Kansas Supreme Court recognized the inequities in allowing a partially negligent employer to recover full subrogation in *Negley v. Massey Ferguson, Inc.*, 229 Kan. 465, 468-69, 625 P.2d 472 (1981). However, the Supreme Court refused to reduce the employer's lien since "[t]he extent and nature of the subrogation rights of an employer under the workmen's compensation statutes are matters for legislative determination." 229 Kan. at 469.

" 'To remedy this inequity, the Kansas Legislature amended K.S.A. 44-504 effective July 1, 1982, by adding subsection (d).' " 240 Kan. at 103.

As the extent and nature of the subrogation rights of an employer under the workers compensation statutes are matters for legislative determination, the legislature has broad latitude in its enactments. It could have left the statutes as they were with no diminution of subrogation rights where an employer has been found to be negligent. It could have provided that any finding

of employer fault totally eliminated the employer's subrogation rights. In between these two extremes, numerous possibilities of formulas for computing diminution of the subrogation interest exist such as assessing some percentage of the percentage of fault attributed to the employer or some percentage of the damages attributed to the employer's fault.

We conclude that close scrutiny of K.S.A. 1990 Supp. 44-504(d) does not disclose any ambiguity in what was intended. The statute, in pertinent part, states the employer's subrogation interest "shall be diminished by *the percentage of the damage award* attributed to the negligence of the employer." (Emphasis supplied.) The damage award in this case was $327,876.46. The employer's percentage of fault was fixed at 53 percent. The percentage of the *damage award* attributed to the negligence of the employer is 53 percent of $327,876.46, which computes to $173,774.52. Had the legislature intended that the diminution was to be determined by applying the employer's percentage of fault or negligence to the subrogation interest itself, it could have so provided as it did in the provision in Kansas Automobile Injury Reparations Act, enacted in 1977, currently codified as K.S.A. 1990 Supp. 40-3113a(d) as follows:

"In the event of a recovery pursuant to K.S.A. 60-258a, and amendments thereto, the insurer or self-insurer's *right of subrogation shall be reduced by the percentage of negligence attributable to the injured person.*" (Emphasis supplied.)

The judgment of the district court is reversed and the case is remanded for the entry of a judgment consistent with the opinion herein.