Rebecca A. Sanders General Counsel Board of Tax Appeals Docking State Office Building 915 S.W. Harrison St., Suite 400-S Topeka, Kansas 66612-1505
Dear Ms. Sanders:
You request our opinion regarding the appeal procedure available to an appraiser whose suspension or termination by a board of county commissioners or district board pursuant to K.S.A. 1992 Supp. 19-431 has been upheld by the director of property valuation. Specifically you question whether the appraiser may appeal such an adverse decision of the director to the board of tax appeals, and if so you inquire as to the time for appeal and the scope of review.
K.S.A. 1992 Supp. 19-431 provides for the suspension or termination of a county or district appraiser. Subsection (a) of the statute sets forth the procedures to be followed when the board of county commissioners or the district board of an appraisal district initiates the suspension/termination. The appraiser may, within 15 days of being served by an order of suspension/termination, request a hearing before the director of property valuation. The hearing before the director is to be conducted in accordance with the Kansas administrative procedures act (KAPA). Subsection (b) of K.S.A. 1992 Supp. 19-431 sets forth the procedure to be followed when the suspension/termination of an appraiser is initiated by the director of property valuation. Upon being served with an order of suspension/termination by the director, an appraiser may, within 15 days thereof, request a hearing before the state board of tax appeals. Such a hearing is to be conducted by the board in accordance with the KAPA. In our opinion, these proceedings are not cumulative. They are separate proceedings invoked by different factual circumstances. By its plain language, subsection (b) applies only when the director of property valuation, on the director's own motion, initiates the suspension/termination. Its provisions are identical, but for the change in actors, to those of subsection (a). Reading the two provisions as cumulative would unnecessarily duplicate the proceedings. Thus, in our opinion, subsection (b) does not provide for an appeal to the board of tax appeals when the suspension/termination of an appraiser is initiated by a board of county commissioners or the district board of an appraisal district and heard by the director or property valuation.
This does not, however, conclude our consideration of your question. As you point out, K.S.A. 74-2438 provides for an appeal to the board "from any finding, ruling, order, decision, or other final action on any case of the director of taxation or director of property valuation by any person aggrieved thereby." This language, read in isolation, appears to allow an appraiser to appeal an adverse decision of the director of property valuation, made under K.S.A. 1992 Supp. 19-431(a), to the board of tax appeals. It is well established; however, that statutory provisions cannot be read in isolation. Consideration and effect must be given, if possible, to all parts of an act "in pari materia." Brabanderv. Western Co-op Elec., 248 Kan. 914 (1991); Watkins v. Hartsock,245 Kan. 756 (1989). K.S.A. 74-2438, after stating generally that all orders of the director are appealable to the board, provides for the accrual of interest "on the amount of the assessment of tax subject to any such appeal. . . ." While this provision was not added until 1987 (L. 1987, ch. 293, sec. 1), there are no reported cases in which the appellant using K.S.A. 74-2438 was anyone other than a taxpayer. Use of the words "any case of the director" also implies that this is a taxpayer remedy, applying only to "cases" before the director, as opposed to personnel matters. Further, when K.S.A. 74-2438 was enacted (L. 1957, ch. 429, sec. 11), there was no provision for a hearing to review an appraiser's suspension/termination. K.S.A. 19-431 was enacted in 1974 (L. 1974, ch. 112, sec. 2). Thus, when originally enacted, the legislature could not have anticipated this kind of appeal to the board under K.S.A. 74-2438. Finally, since the director's review of a county or district board's suspension/termination decision under K.S.A. 1992 Supp. 19-431(a) is more thorough than a review of the record, it does not make sense to then provide for a de novo review by the board of tax appeals pursuant to K.S.A. 74-2438. For these reasons, we believe K.S.A.74-2438 is inapplicable to an order of the director issued pursuant to K.S.A. 1992 Supp. 19-431(a).
Having determined this, we emphasize that this opinion is directed to the board for assistance in determining its jurisdiction. It is not intended as advice to individual appellants and we caution appellants that failure to perfect an appeal to the board may be grounds for dismissal by the district court should that court disagree with the analysis set forth herein. See Wray v. State Dept. of Revenue,224 Kan. 234 (1978).
Because we have concluded that an order of the director of property valuation upholding the suspension/termination of an appraiser by a board of county commissioners or district board of an appraisal district is not appealable to the board of tax appeals, we need not address your questions regarding the time for appeal to, or scope of review by, the board.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm