The Honorable Elaine L. Wells State Representative, 59th District Rt. 1, Box 166 Carbondale, Kansas 66414
Dear Representative Wells:
As representative for the fifty-ninth district you request our opinion on matters relating to the insurance verification pilot project. Your questions are:
"Would a data processor on contract to the Department of Revenue be required to pay a charge under the Open Records Act or Information Network of Kansas Act for data it received directly from, manipulated, and then returned directly to the Department of Revenue?
"Further, would records received from private insurers for purposes of comparisons to Division of Vehicle records be a public record under K.S.A. 45-217, or public information under K.S.A. 74-9301?"
We will address your last question first. Under K.S.A. 1992 Supp.45-217(f)(1), public record means "any recorded information, regardless of form or characteristics, which is made, maintained or kept by or is in the possession of any public agency." The division of vehicles of the department of revenue is clearly a public agency. K.S.A. 1992 Supp.45-217(e)(1). Records received from private insurers for comparisons are "maintained, or kept by" and "in the possession of" the department of revenue. Therefore, the records given by the private insurers for comparisons are public records.
The term "public information" is defined in the information network of Kansas act as "any information stored, gathered or generated in electronic or magnetic form by the state of Kansas, its agencies or instrumentalities, which is included within the information deemed to be public pursuant to the Kansas open records act, K.S.A. 45-215 et seq., and amendments thereto." K.S.A. 74-9301(c).
Under these definitions, the original source of the information is not relevant. The fact that private insurers provide the information for purposes of comparison does not insulate the record from becoming a public record in the hands of the department of revenue.
In addressing your other question it should be noted that any party, whether a private individual, government contractor or another government agency, is considered a requesting party and is subject to all provisions of the open records act. K.S.A. 45-215 et seq. Nowhere does the act specifically define a "requesting party"; however, nowhere in the act does it exclude any party that requests information from the government from coming under the provisions of the act. The intent of the legislature appears to be clear that no entity is exempted. When the intent of the legislature can be ascertained from the statute that purpose will govern. Brabander v. Western Co-op Elec., 248 Kan. 914 (1991).
K.S.A. 74-2012 specifically provides the procedure to obtain insurance information from the division of vehicles. K.S.A. 74-2012(e) provides in part:
 "A fee in an amount fixed by the secretary of revenue and approved by the director of accounts and reports pursuant to subsection (c)(5) of K.S.A. 45-219, and amendments thereto, of not less than $2 for each request for information in the public records of the division concerning any vehicle or licensed driver shall be charged by the division, except that the director may charge a lesser fee pursuant to a contract between the secretary of revenue and any person to whom the director is authorized to furnish information under subsection (b), and such fee shall not be less than the cost of production or reproduction of any information."
According to the above statutory language, any requesting party must at least pay for the actual cost of obtaining information concerning any vehicle or licensed driver. If the records requested are lists of person's names and addresses, then subsection (b) of K.S.A. 74-2012 must be complied with.
Furthermore, K.S.A. 74-9304(a)(3) provides that the information network of Kansas (INK) shall develop charges for the services provided to subscribers, which include the actual costs of providing such services. If INK develops a dial-in gateway or electronic network for access for the division of vehicles as authorized in K.S.A. 74-9302, then it can charge for the services.
However, the situation is different where the public agency contracts with a data processing firm to develop a new program in order to have easier access to databases. We do not believe such data processing contractors should be considered as "requesters" of public records. Their purpose is to manipulate the data as a whole, not to obtain information in them. Therefore, a data processor, under contract, should not be charged pursuant to the KORA or the INK statutes for any public records provided by the department of revenue, because it is not seeking to inspect or to obtain copies of public records under the KORA.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas